James PENNINGTON, Petitioner-Appellant,

v.

Leroy STYNCHCOMBE, Sheriff of Fulton County, Georgia, Respondent-Appellee.

No. 28883.

United States Court of Appeals, Fifth Circuit.

June 15, 1970.

Albert M. Horn, Atlanta, Ga., for petitioner-appellant.

Arthur Bolton, Atty. Gen., Lewis Slaton, Dist. Atty., Tony H. Hight, Atlanta, Ga., for respondent-appellee.

Before TUTTLE, DYER and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a petition for habeas corpus following appellant's conviction in the Superior Court of the State of Georgia on two counts of shooting at another.

Appellant has exhausted his state remedies and the trial court, therefore, had jurisdiction.

Appellant recognizes that the power to grant the writ in such a case as this depends upon his showing that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2241. In effect he charges that the trial court committed a large number of errors in the conduct of the trial, some of which were recognized by the Court of Appeals of the State of Georgia when the case was there affirmed, Pennington v. State, 117 Ga.App. 701, 161 S.E.2d 327, and that these errors in sum amounted to a trial which so lacked the standards of fairness as to deprive him of due process as guaranteed under the Fourteenth Amendment.

█ Although it is apparent that some of the rulings made by the trial court might subject a conviction to a reversal if they had occurred during the conduct of a trial in the United States District Court, see Baines v. United States, 5 Cir., 426 F.2d 833, dec. May 13, 1970 (which case, however, was strictly limited to its facts), the Supreme Court has not fashioned a rule whereby the United States Courts are to require uniformity with respect to matters of the admission of evidence, conduct of counsel, conflicts of personality between the trial judge and counsel, adequate notice to counsel of the instructions to be given to the jury, etc., in order to meet the standards of due process required by the Federal Constitution. See, also,

Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, in which the Supreme Court held that it was permissible for a state to determine for itself what constitutes "harmless" error.

█ We conclude that the trial court did not err in denying the petition on the ground that it found "no violation of petitioner's constitutional rights and no denial of fundamental fairness."

The judgment is affirmed.