237 So.2d 57 (1970)
Ernest Lee GRISSOM, Appellant,
v.
The STATE of Florida, Appellee.
No. 69-1028.
District Court of Appeal of Florida, Third District.
June 16, 1970.
Hughlan Long, Public Defender, and Lewis Kimler, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Melvin Grossman, Asst. Atty. Gen., for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and SWANN, JJ.
PER CURIAM.
The appellant seeks reversal of a jury trial conviction of second degree murder, of which offense he was adjudged guilty and thereupon sentenced to imprisonment for a term of 20 years. Appellant contends first that the court erred in denying his request for a twelve person jury. Second, that the court erred in rejecting the testimony of a psychiatrist which was offered. Third, that the evidence was insufficient to support the conviction. On consideration of the record and briefs we find those contentions to be without merit.
Second degree murder, a noncapital offense, is triable under the law of Florida before a six person jury. Section 3 of the Declaration of Rights of the Florida Constitution, F.S.A. provides: "The right of trial by a jury shall be secured to all, and remain inviolate forever." By statute (§ 913.10(1), Fla. Stat., F.S.A.), provision is made for capital cases to be tried before a jury of twelve and "all other criminal cases" to be triable before a jury of six. See Williams v. State, Fla.App. 1969, 224 So.2d 406; Duncan v. Louisiana, 391 U.S. 145, 194, 88 S.Ct. 1444, 20 L.Ed.2d 491, 522.
The testimony of the psychiatrist which was offered was properly excluded. It would have presented as exculpatory a mental attitude of the defendant not adequate for defense under the McNaughton *58 Rule. In the brief of the appellant it was recognized that exclusion of the evidence by the trial court was not incorrect if the McNaughton Rule is adhered to and applicable. The McNaughton Rule is in effect in Florida. See Campbell v. State, Fla. 1969, 227 So.2d 873, 877.
The jury's verdict was amply supported by the evidence, which disclosed the following. The defendant, a student in a junior high school, together with certain other students, was detected by a teacher to be engaged in a rule violation within the school premises. He and the others were directed by the teacher to the office of the principal, who after admonishing them sent them home. On leaving, the appellant was heard to voice a threat to return and kill them "all." A short time later he returned, armed with a hand gun, and fired two shots at and hitting the teacher who earlier had reported him to the principal. As he was departing after firing those shots, he fired a shot at and up a stairway of the building. That shot struck and killed one of the students who was on the stairs at the time the shot was fired.
Affirmed.