Norwood Lee WILSON, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, etc., Respondent-Appellee.

No. 71–1386.

United States Court of Appeals, Fifth Circuit.

June 29, 1971.

Norwood Lee Wilson, pro se.

Earl Faircloth, Atty. Gen., Raymond L. Marky, Joseph W. Demember, Asst. Attys. Gen., Tallahassee, Fla., for repondent-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal is from an order denying the petition of a Florida state prisoner for a writ of habeas corpus. We affirm.[1]

Appellant was tried and convicted before a judge, without a jury, of assault by a state prisoner with a deadly weapon and attempted escape, after pleading not guilty and not guilty by reason of insanity. He was sentenced on November 20, 1962, to 15 years imprisonment. The conviction was affirmed without a written opinion by the Florida District Court of Appeal. A motion to vacate sentence pursuant to Rule 1.850, Florida Rules of Criminal Procedure, 33 F.S.A., was denied by the trial court without an evidentiary hearing, affirmed Wilson v. State, Fla.App.1969, 223 So.2d 59.

In his habeas petition filed in federal district court, appellant alleged that the state failed to appoint experts to determine his sanity at the time of the offense and his competency to stand trial, even though he filed at his arraignment a notice and bill of particulars showing the nature of his insanity as required by Florida Statute 917.01, F.S.A. He admitted that his court-appointed counsel waived a psychiatric examination and a sanity hearing, but alleges that this was done without his knowledge and consent. Evidentiary hearing was held in the court below at which appellant was represented by court-appointed counsel.

The lower court found from the evidence adduced at the hearing and from the records and transcripts of appellant's arraignment and trial in his state court that appellant was present in open court when counsel waived a psychiatric examination and sanity hearing and that the alleged notice and bill of particulars were not filed at any time. The lower court further found that the evidence before the trial court was not sufficient to raise a reasonable doubt as to his sanity. See Pate v. Robinson, 1966, 383 U. S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, and Tyler v. Beto, 5 Cir. 1968, 391 F.2d 993.

The only evidence offered at trial concerning appellant's history of mental disorder consisted of references to emotional problems while he was serving in the Navy. Finally, the district court found that no claim of incompetency to stand trial was made prior to trial, and that appellant's conduct and participation in his own defense did not indicate a lack of competency to stand trial.

A careful reading of the record fails to bring to light any clearly erroneous[2] findings by the district court, or error made by that court in its application of prevailing law to the facts found. The judgment below is

Affirmed.

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's Local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5 Cir. 1969, 412 F.2d 981.

2. Rule 52(a), F.R.Crim.P.; McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20.