Abram J. JORDAN, Petitioner-Appellant,

v.

Louis L. WAINWRIGHT, Director, Division of Corrections, Respondent-Appellee.

No. 72–1037

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 27, 1972.

Douglas W. Hampton, Tampa, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., P. A. Pacyna, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Jordan, a Florida prisoner serving a 20-year sentence for robbery in the custody of the respondent, Wainwright, was denied habeas corpus relief by the lower court without an evidentiary hearing, but following argument after the respondent had responded to an order to show cause and attached to his response a commendably complete transcript of the prior state court proceedings, including pretrial motions, the jury trial transcript, briefs both on direct appeal[1] to

---

* ■ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F. 2d 409, Part I.

1. Affirmed per curiam, Jordan v. State, 232 So.2d 65 (Fla. DCA2, 1970).

the Florida court, the suit papers and briefs on appeal [2] in connection with Jordan's posttrial motion [3] to set aside his judgment and conviction.

It is apparent from the record that the only ground raised which has constitutional dimensions [4] is the failure of the trial court to hold a competency hearing (termed by the motion a "Sanity Inquisition") before trial when defendant's counsel, a state public defender, raised the issue by motion.

We note that the motion asserted only that counsel had difficulty communicating with his client. No showing was made of prior hospitalization for or diagnosis of mental difficulties or of prior adjudication of incompetency. No evidence of any kind was proffered to support the motion. The trial judge denied it, stating that he had observed the petitioner closely throughout previous court appearances and actual trials, and knew him to be a keen witted person, competent to stand trial.

Again, no evidence was offered to support the contention of incompetency in the post-conviction review proceedings.

The teaching of Pate v. Robinson, 1966, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, is that the due process clause of the Fourteenth Amendment to the U. S. Constitution requires that state criminal trials not proceed against incompetents.

But no sanity hearing is mandated by Pate v. Robinson by a naked suggestion that the defendant may be incompetent. Evidence must be presented which is sufficient to raise a "bona fide doubt" as to the defendant's competency to stand trial, Pate v. Robinson, supra. See also Wilson v. Wainwright, 5 Cir. 1971, 445 F.2d 837, Tyler v. Beto, 5 Cir. 1968, 391 F.2d 993, 997, Greer v. Beto, 5 Cir. 1967, 379 F.2d 923. In Hawks v. Peyton, 4 Cir. 1966, 370 F.2d 123, 125, our sister Circuit held that the state trial judge did not abuse his discretion in refusing to order a psychiatric examination where the defendant's lawyer testified to his low mentality, and the defendant testified that he could not remember the circumstances of the crime. Compare Lee v. State of Alabama, 5 Cir. 1967, 386 F.2d 97, where we held *en banc*, that a lunacy commission's determination three months before trial that a defendant was insane at the time of the offense and at the time of the inquiry nine months after the offense, was sufficient to put the state trial judge on notice that a separate competency examination should be made.[5]

We hold that in the circumstances here no due process violation is shown to have occurred when the state trial judge denied the pretrial Motion for Sanity Inquisition.

The judgment is

Affirmed.

2. Affirmed per curiam, 245 So.2d 704 (Fla. DCA2, 1971).

3. Under Fla.Rules of Crim.Proc. 1.850, 33 F.S.A.

4. Two other grounds asserted here were raised both on direct appeal and by state collateral attack under the Motion to Set Aside Conviction, but involve no more than questions of Florida law as to which we are governed by the answers already supplied by the Florida courts in this case.

    These points involve (1) whether or not aggravated assault was a lesser offense which should have been included in the trial judge's robbery instructions; and (2) whether or not a proper predicate was laid before testimony was received as to the acts of a tracking dog who was put on the fresh trail of the alleged robber. We note these contentions simply to make them a matter of record.

5. Compare also Brinks v. State of Alabama and W. S. Furlow, Warden, 5 Cir. 1972, [No. 71–2352, decided March 1, 1972].