**Ernest Lee GRISSOM, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, Department of Health and Rehabilitative Services, State of Florida, Respondent-Appellee.**

**No. 73-3025.**

United States Court of Appeals,
Fifth Circuit.

May 20, 1974.

Phillip A. Hubbart, Public Defender, Bennett H. Brummer, Asst. Public Defender, Miami, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Joel D. Rosenblatt, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before WISDOM and GOLDBERG, Circuit Judges and LYNNE, Senior District Judge.

LYNNE, Senior District Judge:

Ernest Lee Grissom petitioned the United States District Court for the Southern District of Florida for a writ of habeas corpus, contending that the state trial court had unconstitutionally deprived him of due process of law as guaranteed by the Fourteenth Amendment when it failed to hold a hearing and render a determination on the issue of his competence to stand trial. The

district court denied the petition and we affirm.

Grissom, a 15-year-old junior high school student, was arrested on May 22, 1968, on informations charging him with second degree murder and aggravated assault, after he shot and killed a fellow student and wounded a teacher at his school. Upon the oral motion of the public defender, the trial court on December 9, 1968, ordered that he be committed to a state hospital for psychiatric examination and subsequently scheduled a sanity hearing to be held on February 25, 1969. At the hearing, Grissom called as his own witness a psychiatrist at the hospital who had examined him on three occasions. The psychiatrist testified that Grissom was adequately able to assist court-appointed counsel in his defense and to understand the charges against him. Following this testimony, Grissom moved for and was granted a continuance until March 27, 1969. Although there was some indication at the time that Grissom would later call another psychiatrist to testify on his behalf, he failed to do so, and indeed, produced no further evidence relevant to his competency to stand trial. On April 8, 1969, upon a second motion by the public defender, Grissom was again institutionalized for further examination. On October 21, 1969, he was tried before a six-person jury and found guilty of both charges. The Third Florida District Court of Appeals affirmed his conviction and twenty-year sentence on direct appeal, Grissom v. State, 237 So.2d 57 (Fla.App.2d 1970), and denied his subsequent application for habeas corpus relief. 259 So.2d 738 (Fla.App.2d 1972).

The federal district court below found that Grissom had produced no evidence rebutting the presumption supporting competency and failed to proffer any allegation of incompetency prior to or during the trial. The court therefore denied Grissom's petition for a writ of habeas corpus, from which this appeal has been taken.

The viability of Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed. 2d 815 (1966), and Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956), is not questioned by the parties to this appeal. The prosecution or conviction of an accused while he is legally incompetent clearly constitutes a denial of due process of law and state procedures must be adequate to protect against any such abridgement. The constitutionally appropriate standard to be employed in any determination of competency to stand trial, as set forth in Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), is "whether he [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." 362 U.S. at 402.[1] This is by no means the same test mandated for determinations of criminal responsibility at the time the crime was committed. The more difficult question, and the one upon which this appeal is predicated, is whether the evidence before the trial court was sufficient to entitle the defendant to a hearing on the issue of competency to stand trial. As this Court noted in Jackson v. Caldwell, 461 F.2d 682 (5th Cir. 1972), cert. denied, 409 U.S. 991, 93 S.Ct. 334, 34 L.Ed.2d 257 (1973), the resolution of this issue has by necessity required an individualized analysis. Certainly extensive hearings and thorough psychiatric examinations are not vital prerequisites to the prosecution of every criminal case. Evidence must be presented which is sufficient to raise a bona fide and reasonable doubt as to the defendant's competency

---

1. The *Dusky* standard has been consistently applied by this court. See, *e. g.*, Jackson v. Caldwell, 461 F.2d 682 (5th Cir. 1972), cert. denied, 409 U.S. 991, 93 S.Ct. 334, 34 L.Ed. 2d 257 (1973) ; Bruce v. Estelle, 483 F.2d 1031 (5th Cir. 1973) ; and Lee v. Alabama, 406 F.2d 466 (5th Cir. 1969).

to be tried at a given point in time. Pate v. Robinson, *supra,* Jackson v. Caldwell, *supra,* and Jordan v. Wainwright, 457 F.2d 338 (5th Cir. 1972).[2] In Jordan v. Wainwright, *supra,* this court stated: " . . . no sanity hearing is mandated by Pate v. Robinson by a naked suggestion that the defendant may be incompetent. Evidence must be presented which is sufficient to raise a 'bona fide doubt' as to the defendant's competency to stand trial." 457 F.2d at 339. This is the explicit caveat which has long been imposed upon similarly based habeas corpus proceedings, and which was reiterated by this Circuit in Bruce v. Estelle, 483 F.2d 1031 (5th Cir. 1973):

> "Courts in habeas corpus proceedings should not consider claims of mental incompetence to stand trial where the facts are not sufficient to positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to the mental capacity of the petitioner to meaningfully participate and cooperate with counsel during a criminal trial." 483 F.2d at 1043.

This threshold prerequisite is not what the trial judge may or may not have had in his mind with respect to defendant's competency at any time prior to commencement of or during the trial. Rather, it is whether evidence was before the trial judge which would be sufficient to clearly and unequivocally create reasonable doubt as to Grissom's competency to be tried. This is an objective standard. Ordering commitment to a state institution on two occasions and holding an uncompleted sanity hearing do not constitute evidence. Significantly, neither prior to commencement of the trial, nor at any other stage of the proceedings against him, including the trial itself, did Grissom or his counsel suggest to the trial court that Grissom was incompetent to stand trial. The sole assertion made by the defense was that Grissom was insane at the time the offenses were committed. Careful review of the record below reveals that there was no evidence whatsoever presented to the trial judge demonstrative of Grissom's mental incompetency to stand trial. The similarity of the case *sub judice* to Jackson v. Caldwell, *supra,* in which habeas corpus relief was denied, makes the following statements from that case appropriate here:

> "In order to keep our inquiry in focus, we repeat that Jackson's counsel did not raise any question of competency to stand trial. Mental condition at the time of the offense was their sole concern. We are unwilling to hold under the facts as they came out in the 1959 trial for murder that the state trial judge violated Jackson's constitutional rights by failing to order, *sua sponte,* that a separate proceeding be initiated to inquire into the accused's competency to stand trial. The evidence presented to the state judge did not raise a 'bona fide doubt' as to Jackson's competency to stand trial, as the concept of competency was articulated in *Dusky, supra,* and implemented in Pate v. Robinson, *supra,* and our *en banc* decision in Lee v. Alabama, *supra.*" 461 F.2d at 693–694.

The district court below properly concluded that no evidentiary basis existed which would have supported reasonable doubt on the part of the trial judge with respect to Grissom's competency. Therefore, the denial of habeas corpus relief is affirmed.

Affirmed.

---

2. See also, Wilson v. Wainwright, 445 F.2d 837 (5th Cir. 1971) ; Tyler v. Beto, 391 F.2d 993 (5th Cir. 1968) ; Lee v. Alabama, 386 F.2d 97 (5th Cir. 1967) (en banc), cert. denied, 395 U.S. 927, 89 S.Ct. 1787, 23 L.Ed.2d 246 (1968) ; and Greer v. Beto, 379 F.2d 923 (5th Cir. 1967).