Billy George McCUNE,
Petitioner-Appellant,

v.

W. J. ESTELLE, Director Texas
Department of Corrections,
Respondent-Appellee.

No. 75–4178

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 1, 1976.

Rehearing Denied Oct. 1, 1976.

William M. Coats, Marvin O. Teague, Houston, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., David M. Kendall, 1st Asst. Atty. Gen., Joe B. Dibrell, Robert E. De Long, Jr., Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before GODBOLD, DYER and RONEY, Circuit Judges.

---

* Rule 18, 5 Cir.; See *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

PER CURIAM:

McCune appeals the dismissal of his habeas corpus petition by the district court. The main thrust of his argument is that he was mentally incompetent to stand trial when he was convicted for rape in 1950.[1] We affirm.

McCune's mental competency was not raised at trial, and the court therefore made no resolution of that issue. The defense did attempt unsuccessfully to elevate McCune's status as an adjudicated "feeble minded" to the level of insanity. Thus, the focus at the 1950 trial was the defendant's sanity, rather than competency.

■ Of course, it is true "that the conviction of an accused person while he is legally incompetent violates due process," *Pate v. Robinson*, 1966, 383 U.S. 375, 378, 86 S.Ct. 836, 838, 15 L.Ed.2d 815. Clearly then, whatever the applicable state standard governing the "defendant's fitness to proceed" at the time, every state prisoner is constitutionally entitled to the protection of "the Federal standard for competency". *Bruce v. Estelle*, 5 Cir. 1973, 483 F.2d 1031, 1042, n. 30.

■ But, the mere retrospective assertion of trial incompetency standing alone is insufficient to require an evidentiary hearing. Only "when a prisoner, either state or federal, seeking post-conviction relief, asserts, with substantial facts to back up his allegations, that at the time of trial he was not mentally competent to stand trial . . ." must an evidentiary hearing be held. *Lee v. Alabama*, 5 Cir. 1967, 386 F.2d 97, 105. In considering a post-conviction allegation of trial incompetency

> Courts in habeas corpus proceedings should not consider claims of mental incompetence to stand trial where the facts are not sufficient to positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to the mental capacity of the petitioner to meaningfully participate and cooperate with counsel during a criminal trial.

*Bruce v. Estelle*, 5 Cir. 1973, 483 F.2d 1031, 1043.

■ There was abundant evidence that McCune had a lifelong history of severe mental deficiency and bizarre, volatile, irrational behavior, that he had been adjudged feeble-minded, and that he consistently scored at very low levels on mental capacity tests. But, low intelligence or weird behavior can not be equated with mental incompetency to stand trial. The test is "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 1960, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824.

The record shows no substantial doubt as to McCune's trial competency under the *Dusky* standards. He understood the proceedings and was able to coherently narrate what had happened in his life as a whole, as well as immediately before trial. After our independent review[2] of the record, we are in complete agreement with the findings of the district court that McCune has not alleged facts which, if proven, would amount to trial incompetency.

AFFIRMED.

---

1. McCune also asserts that he had ineffective assistance of counsel and that there was prosecutorial suppression of evidence. These arguments do not warrant discussion because they are devoid of merit.

2. "Since the habeas court considered only the same inanimate printed words which are before us on this review, the usual stringency of the Fed.R.Civ.P. 52(a) clearly erroneous standard is ameliorated." *Ward v. Wainwright*, 5 Cir. 1971, 450 F.2d 409, 412.