James G. DAVIS, Petitioner-Appellant,

v.

STATE OF ALABAMA,
Respondent-Appellee.

No. 76–1273.

United States Court of Appeals,
Fifth Circuit.

Jan. 14, 1977.

James G. Davis, pro se.

George G. Lynn (Court-appointed), Birmingham, Ala., for petitioner-appellant.

William J. Baxley, Atty. Gen., Carol Jean Smith, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before RIVES,* GEWIN and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Petitioner James G. Davis appeals the denial of his petition for habeas corpus relief, sought pursuant to 28 U.S.C. § 2254, by the United States District Court for the Northern District of Alabama. The Circuit Court of Cullman County, Alabama convicted Davis of first degree murder on November 26, 1973. After exhausting his state remedies,[1] Davis filed the present petition[2] with the district court. Adopting the report of the United States Magistrate and holding no evidentiary hearing, the district court dismissed the petition.

On November 26, 1973, the day that Davis' trial was set to begin, his attorneys moved, pursuant to Ala.Code tit. 15, § 425,[3] for a mental examination of the defendant.[4] At the hearing on the motion, defense attorneys informed the court that they had learned a month before that defendant had undergone some psychiatric treatment in California in May of 1972; according to the statements of the attorneys at the hearing, this information, alone, prompted the § 425 motion. Besides the testimony of the defendant, the only evidence presented at the

---

* Judge Rives was a member of the panel that heard oral argument but due to illness did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d).

1. The Criminal Court of Appeals of Alabama affirmed Davis' conviction on October 1, 1974. On November 8, 1974, the trial court denied a petition for *coram nobis*; the criminal court of appeals likewise affirmed this judgment on February 18, 1975. Finally, on April 24, 1975, the Alabama Supreme Court denied petitioner's writ of certiorari.

2. The present petition represents defendant's third effort to obtain habeas relief. The district court dismissed his first petition on December 20, 1974 and his second petition on June 11, 1975.

3. Section 425 provides in pertinent part:
    Whenever it shall be made known to the presiding judge of a court by which an indictment has been returned against a defendant for a capital offense, by the written report of not less than three reputable specialist practitioners in mental and nervous diseases, appointed by the judge, or by the written report of the superintendent of the Alabama state hospitals, that there is reasonable ground to believe that such defendant was insane either, at the time of the commission of such offense, or presently, it shall be the duty of the presiding judge to forthwith order that such defendant be delivered by the sheriff of the county to the superintendent of the Alabama state hospitals, who is charged with the duty of placing such defendant under the observation and examination of himself and two members of his medical staff to be named by him, constituting a commission on lunacy, with the view of determining the mental condition of such defendant and the existence of any mental disease or defect which would affect his present criminal responsibility, or his criminal responsibility at the time of the commission of the crime.

4. Davis had previously entered a plea of Not Guilty and Not Guilty by Reason of Insanity.

hearing related to the California treatment was a probation report from a Dr. Dean, a psychologist[5] who had treated defendant. According to defendant's testimony, a California court required, as a condition of defendant's probation on an assault and battery conviction, that defendant see Dr. Dean. In addition, according to defendant,[6] the local welfare department, which had removed defendant's children from his and his wife's custody, stated that they would return the children only upon a satisfactory report from Dr. Dean.[7] Dr. Dean's report to the probation department merely stated that he had evaluated defendant's behavior and determined that he and his wife were living together harmoniously and that Davis had decreased his drinking.[8] Upon Dr. Dean's recommendation that Davis no longer needed treatment, he and his wife again received custody of their children.[9] After hearing the above evidence, the trial court denied the § 425 motion, noting that this evidence was insufficient to require a § 425 mental examination.[10] Defense counsel then requested a continuance so that they could gather more evidence to aid in their preparation of Davis' insanity defense; the trial court likewise denied this motion.

Issues before this court on this appeal concern the effect of the trial court's denial of both motions on defendant's constitutional right to a fair trial. *Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). We first examine the denial of the § 425 motion as that denial related to defendant's alleged

incompetence to stand trial. While defendant's appellate counsel admittedly does not pursue this issue with much vigor, instead concentrating on the relation of the § 425 denial to the substantive defense of insanity at the time of commission of the crime, we nevertheless find that Davis' pro se complaint, liberally read, contains such a claim. We therefore, address this issue.

Trial of an accused while he is incompetent violates due process. *Bishop v. United States,* 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956); *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). The Supreme Court has held that the test for determining mental competency to stand trial, as distinguished from the standard to determine mental culpability for the criminal act, itself, is

> whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.

*Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). This court has held that analysis of the issue of competency is two-fold: first, a defendant has a substantive right not to be tried while he is incompetent;[11] second, pursuant to *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), the defendant also has a right to adequate procedures to safeguard this substantive right. *Nathaniel v. Estelle,*

---

**5.** Throughout the record of the hearing, the defendant and his attorneys refer to Dr. Dean alternatively as a psychologist and a psychiatrist.

**6.** R., p. 74–77.

**7.** R., p. 77.

**8.** R., p. 72.

**9.** R., p. 76–77.

**10.** Section 425 requires that there be "reasonable ground" to believe the defendant insane. Earlier, the trial judge had denied the motion, observing that counsel had known of the California treatment for over a month and there-

fore had ample opportunities to present this motion prior to the date the trial was to begin. He apparently reconsidered his ruling and allowed defendant Davis to testify on the matter.

**11.** The Supreme Court precluded the possibility of waiver of a claim of incompetence to stand trial in *Pate v. Robinson,* 383 U.S. at 384, 86 S.Ct. at 841, 15 L.Ed.2d at 821 (1966). While it later expressed some misgivings on the viability of that proposition in *Drope v. Missouri,* the non-waiverability of a claim of incompetence appears to survive in that case. *Drope,* 420 U.S. at 176–177, 95 S.Ct. at 906, 43 L.Ed.2d at 116.

493 F.2d 794 (5th Cir. 1974). The *Nathaniel* panel reached this conclusion after observing that long before *Pate* [12] federal courts recognized as constitutionally mandated the guarantee against standing trial when incompetent. Only with *Pate*, however, could a federal habeas petitioner raise not only incompetence in fact, but also, in a proper case, the trial court's failure to determine competence contemporaneous with trial. *Nathaniel*, 493 F.2d at 796–97. Examining the *Pate* issue first, we shall follow a similar bifurcated approach in our analysis.

Essential to a claim that the trial court violated one's procedural due process rights, pursuant to *Pate*'s mandate, by not determining competence at the time of trial is a showing that the defendant presented evidence raising the issue of competency, *Nathaniel*, 493 F.2d at 797. *Accord, Grissom v. Wainwright*, 494 F.2d 30 (5th Cir. 1974). *Tyler v. Beto*, 391 F.2d 993 (5th Cir. 1968) *cert. denied*, 393 U.S. 1030, 89 S.Ct. 642, 21 L.Ed.2d 574 (1969). Obviously, one cannot fault a trial court judge for failing to determine a question that he has no reason to believe is in issue. Yet, the Supreme Court has indicated that an explicitly worded motion for a competency hearing is not the only signal to trigger procedures that provide for a determination of competency. *Pate v. Robinson*, 383 U.S. at 384, 86 S.Ct. at 841, 15 L.Ed.2d at 821; *Drope v. Missouri*, 420 U.S. at 176–77, 95 S.Ct. at 906, 43 L.Ed.2d at 116. *See also Lee v. Alabama*, 386 F.2d 97 (5th Cir. 1967) (*en banc*) *cert. denied*, 395 U.S. 927, 89 S.Ct. 1787, 23 L.Ed.2d 246 (1969). Rather, if the defendant has presented evidence to the trial court, before or during trial, that raises a "bona fide doubt," of his competence, *Pate*, 383 U.S. at 385, 86 S.Ct. at 842, 15 L.Ed.2d at 822, the trial court's failure to

make further inquiry denies that defendant his constitutional right to a fair trial. While the Supreme Court has not prescribed a general standard regarding the nature or quantum of evidence necessary to require resort to an adequate procedure, it has stated that three factors should be considered. These factors are: existence of a history of irrational behavior; defendant's demeanor at trial, and prior medical opinion. *Drope v. Missouri*, 420 U.S. at 180, 95 S.Ct. at 907, 43 L.Ed.2d at 118. Examining the present case in light of the considerations discussed above, we note that the defense never raised the issue of competency either prior to or during the trial. While the defense attorneys did make a § 425 motion for a mental examination, this court has held that such a motion, alone, does not place defendant's competence in issue.[13] *Lee v. Alabama*, 386 F.2d 97 (5th Cir. 1967) (*en banc*). *Accord, Seibold v. Daniels*, 337 F.Supp. 210, 214 (M.D.Ala.1972). In addition, the remarks of both the trial judge and defense counsel, as contained in the trial court record, make clear that all parties understood the motion to be directed toward obtaining evidence relevant to defendant's substantive defense of insanity.[14]

Having determined that defendant did not raise the issue of competency, we look to the record to determine if, in light of the three factors listed in *Drope*, indicia suggesting a bona fide doubt as to defendant's competence existed at trial. First, we note that while domestic quarrels occasionally clouded defendant's past, he had no history of irrational behavior such as that uncovered in *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) or in *Lee v. Alabama*, 386 F.2d 97 (5th Cir. 1967) (*en banc*).[15] While the record indicates that

12. *E. g., Bishop v. United States*, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956).

13. In *Lee*, 386 F.2d at 106, this court held that for purposes of determining whether the Alabama trial court had made a finding on the competency of a defendant, its ruling on a § 425 motion would not constitute such a determination. Reciprocally, a § 425 motion, alone, does not place competency into issue.

14. Defendant's appellate counsel conceded this point at oral argument.

15. "*Pate* and *Lee* present defendants whose behavior was characterized by amply-attested, frank and extravagant symptoms of derangement: in Pate's case, irrational fears, occult and threatening voices, waking visions of snakes and elephants; in Lee's, delusions of grandeur and persecution . . . ." *Nathaniel v. Estelle*, 493 F.2d at 797.

defendant had seen a psychologist, the psychologist's report, indicating that defendant was getting along better with his wife and no longer needed treatment, negates any suggestion of incompetency that one might infer from the fact of his treatment. In addition, lay witnesses, who testified at trial that defendant did not act irrationally or seem incoherent shortly after the crime and during his pre-trial confinement in jail, rebutted any suggestion of "bona fide doubt" about defendant's competence. Finally, defendant's demeanor at the pre-trial hearing on the § 425 motion [16] as reflected through his ability to recite, with great particularity and understanding, facts concerning his family and his criminal record, indicated no incompetence on his part. *See McCune v. Estelle*, 534 F.2d 611, 612 (5th Cir. 1976) (no incompetence shown where defendant understood proceedings and able to coherently narrate what had happened in his life as a whole, as well as immediately before trial). Our examination of the trial record, therefore, convinces us that no *Pate* violation occurred through the trial court's failure to *sua sponte* conduct a competency hearing.

██ "A determination that insufficient doubt [of competence] existed . . . at the time of trial does not preclude a post-conviction inquiry into competence to stand trial." *Nathaniel v. Estelle*, 493 F.2d at 798.[17] Although he cannot argue that the trial court's failure to invoke appropriate procedures ̀ ̣lates his rights to due process, the defendant still may prevail if, at habeas, he can show that he nevertheless was incompetent to stand trial. To determine this second question, the *Nathaniel* panel adopts the guideline articulated by Judge Gewin in *Bruce v. Estelle*, 483 F.2d 1031 (5th Cir. 1973):

> Courts in habeas corpus proceedings should not consider claims of mental incompetence to stand trial where the facts are not sufficient to positively, unequivocally, and clearly generate a *real, substantial, and legitimate doubt* as to the mental capacity of the petitioner to meaningfully participate and cooperate with counsel during a criminal trial. · · · [T]he standard which should be met to sustain such a claim [is] a history of mental illness, substantial evidence of mental incompetence at or near the time of trial supported by the opinions of qualified physicians and the testimony of laymen. *The burden is on the petitioner to prove his allegations; such proof should be clear and convincing.*

*Id.* at 1043 (emphasis added). Examining the state court record and pleadings before the district court on habeas, petitioner's allegations do not meet this threshold requirement. The facts before the trial court that were potentially relevant to competency [18] clearly do not satisfy the *Bruce* standard. Petitioner's only other factual allegation to the district court was the existence of a report by a clinical psychologist, Dr. Verna Wool, presumably made during the first months of petitioner's sentence on this conviction.[19] Introduced as Petitioner's Exhibit E, the report merely records the essence of an interview with petitioner concerning his history of domestic problems. Dr. Wool never addresses the issue of petitioner's present or past competency or insanity and none of her comments, even if accepted as true, raise a "real, substantial, and legitimate doubt" as to defendant's competency.[20] Given petitioner's failure to

---

**16.** Defendant did not testify at trial, although the record indicates no evidence that he acted *incompetently at that proceeding.*

**17.** "*Pate* did not disturb that right but sought only to diminish the occasions for such determinations by requiring an inquiry contemporaneous with trial if a bona fide doubt then existed." *Nathaniel*, 493 F.2d at 798.

**18.** Dr. Dean's report, defendant's demeanor at trial, testimony of lay witnesses.

**19.** Petitioner enclosed this report as Exhibit E, without making clear the circumstances under which it was made. Dr. Wool dated the report August 26, 1974.

**20.** In the main, Dr. Wool discusses petitioner's transvestite behavior and his passive relationships with his wives.

present allegations that, even if accepted as correct, meet the *Bruce* requirement, the district court did not err in dismissing, without an evidentiary hearing,[21] petitioner's habeas petition, at least as that petition calls into question petitioner's competency.

■ Defendant's appellate counsel argues primarily that the trial court's denial of the § 425 motion was improper in that it foreclosed appropriate inquiry about defendant's criminal responsibility at the time of the commission of the crime; *i. e.*, appellant's substantive defense of insanity. A problem with appellant's argument, however, clearly exists. That is, in order to receive habeas corpus relief pursuant to 28 U.S.C. § 2254, the petitioner must establish that the state court violated a federal constitutional right. Yet, while appellant's counsel discusses at great length the constitutional requirement that a defendant be competent to assist in his defense, he cites us to no relevant authority that requires, as constitutionally mandated, any procedure to determine criminal responsibility similar to

that provided for in § 425.[22] Instead, he concentrates on the impropriety of the § 425 denial in terms of Alabama law. The Alabama Criminal Court of Appeals, however, determined that the trial court's denial of that motion accorded with relevant state law; we accept their determination.

■ The final allegation of error contained in defendant's *pro se* complaint was the failure of the trial court to grant counsel's motion for a continuance to better prepare themselves to defend Davis. In its order denying Davis' habeas petition, the district court merely noted that the trial court's denial of defendant's motion for a continuance did not rise to constitutional dimensions. We are aware that the matter of continuance is traditionally within the discretion of the trial court and that not every denial of such a motion violates one's due process rights or renders ineffective the assistance of his counsel. *Ungar v. Sarafite*, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964). *See also United States v. Miller*, 513 F.2d 791 (5th Cir. 1975). On

---

**21.** Appellant's counsel argues that the district court violated the holding in *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) that requires a federal court in habeas corpus to hold an evidentiary hearing when, in a factual dispute, the state court has not found the relevant facts in a full and fair evidentiary hearing. That requirement does not apply to the competency issue here. With respect to the *Pate* requirement that the trial court hold a competency hearing whenever defendant raises a bona fide doubt as to his competency to stand trial, our examination focuses on the facts known to the trial court at the time of trial. Those facts are not in dispute; only the inferences to be drawn from those facts are contested. Those inferences being constitutionally guided by *Pate* and its progeny, no state evidentiary hearing was required. Likewise, with regard to the substantive issue of competence, we have determined that the factual allegations contained in appellant's petition, even if accepted as true, do not meet any test that this circuit has established as a threshold requirement that a claim of incompetency must satisfy: neither the "substantial allegations" language of *Lee*, 386 F.2d at 97, the "bona fide" doubt test of *Pate* and progeny—*e. g. Grissom v. Wainwright*, 494 F.2d 30 (5th Cir. 1974), *Jordan v. Wainwright*, 457 F.2d 338 (5th Cir. 1972); or the "real, substantial and legitimate doubt" standard of *Bruce*, 483 F.2d at 1043.

**22.** Although the issue has not been extensively addressed, various courts have examined the state's responsibility to appoint a psychiatrist to assist an indigent defendant in terms of that defendant's constitutional right to the effective assistance of his counsel. *E. g., United States v. Edwards*, 488 F.2d 1154, 1163 (5th Cir. 1974) (this court has long recognized critical interrelation between expert psychiatric assistance and minimally effective counsel); *United States v. Taylor*, 437 F.2d 371, 383–84 (4th Cir. 1971) (while Supreme Court declined to declare such rights in *Baldi*, underpinning of that case eroded by later court decisions expanding right to counsel); *Davis v. United States*, 413 F.2d 1226, 1229 n. 5 (5th Cir. 1969) (dictum) (Government may be constitutionally required to afford indigent access to psychiatric testimony when he raises an insanity defense and is otherwise unable to procure evidence); *Bush v. McCollum*, 231 F.Supp. 560 (N.D.Tex.1964) (effective assistance of counsel requires that indigent previously adjudicated insane be appointed psychiatrist), aff'd sub nom., *McCollum v. Bush*, 344 F.2d 673 (5th Cir. 1965). *Contra United States ex rel. Huguley v. Martin*, 325 F.Supp. 489 (N.D.Ga.1971). Appellant's counsel does not, however, make this argument and we do not consider it in this appeal.

the basis of the particular facts in this case,[23] we conclude that petitioner raises a substantial claim of ineffective assistance by counsel. *Cf., Hintz v. Beto*, 379 F.2d 937 (5th Cir. 1967) (with expanding right to effective counsel, continuance should have been granted to allow attorney to prepare his case adequately). Yet, the district court dismissed this contention without holding an evidentiary hearing. No full and fair hearing on this matter having been held in state court, *Townsend*'s requirement of a hearing in the district court applies. *See also Barker v. Wainwright*, 459 F.2d 8 (5th Cir. 1972) (where petitioner alleges that defense counsel refused to investigate his case and devoted little time to its preparation, allegations of ineffective assistance of counsel that require an evidentiary hearing are raised). *Accord, Mitchell v. Henderson*, 432 F.2d 435 (5th Cir. 1970); *Hollingshead v. Wainwright*, 423 F.2d 1059 (5th Cir. 1970). Accordingly, we remand this part of the complaint to the district court to determine if denial of the continuance deprived petitioner of effective assistance of his counsel.

Affirmed in part, reversed in part.

**23.** In particular, at trial defense counsel repeatedly asserted that they had not had time to prepare a defense. Indeed, although asserting an insanity defense, defense attorney produced no medical or psychiatric testimony. They called only one witness whose testimony indicated only that defendant appeared to have been drinking when he was arrested for the instant crime.