Marcus Wayne CHENAULT,
Petitioner-Appellant,

v.

Leroy N. STYNCHCOMBE, Sheriff of
Fulton County, Respondent-Appellee.

No. 76–1214.

United States Court of Appeals,
Fifth Circuit.

Feb. 10, 1977.

Rehearing and Rehearing En Banc Denied
March 10, 1977.

Randy Bacote, Atlanta, Ga., for petitioner-appellant.

Lewis R. Slaton, Dist. Atty., Carter Goode, Asst. Dist. Atty., Atlanta, Ga., for respondent-appellee.

Before MORGAN and HILL, Circuit Judges, and NOEL, District Judge.*

LEWIS R. MORGAN, Circuit Judge:

Petitioner Marcus Wayne Chenault appeals the denial of habeas corpus relief by the United States District Court for the Northern District of Georgia. On September 12, 1974, a state jury convicted petition-

* District Judge for the Southern District of Texas, sitting by designation.

er of the murder of Mrs. Martin Luther King, Sr. and Deacon Edward Boykin and of the assault of Mrs. Jimmie Mitchell. Having exhausted his state remedies, petitioner brought an action for habeas relief[1] in federal district court. The district court denied relief on fourteen allegations of error and stayed proceedings on error numbers fifteen and sixteen.[2]

█ Petitioner's primary contention of state error justifying federal relief focuses on the failure of the state trial court to empanel a special jury, pursuant to Ga.Code § 27–1502, to conduct a hearing on petitioner's competency to stand trial. Prior to indictment, petitioner's counsel moved that the court enjoin the grand jury from issuing a bill of indictment until the court conducted an inquiry into petitioner's competency to stand trial. Treating this motion to stay indictment as a special plea of insanity or of incompetency to stand trial, under Ga.Code § 27–1502, the trial court rejected it as premature. After the grand jury had issued an indictment, petitioner failed to enter a special plea of incompetency to stand trial, instead entering only a plea of not guilty by reason of insanity. The latter puts in issue one's sanity at the time of commission of the offense, not one's competency to stand trial. *Orange v. State,* 77 Ga.App. 36, 47 S.E.2d 756 (1948). Nevertheless, the trial court appointed two psychiatrists, one of whom was requested by petitioner, to conduct a mental examina-

tion. Upon examination of petitioner,[3] each psychiatrist found him competent to stand trial. The trial court, therefore, ordered no further examination or hearing on this issue.

█ Petitioner argues that the state trial court should have ordered a hearing pursuant to a statute that petitioner never even invoked at trial. Whether the state court violated a state law by not empaneling, sua sponte, a special jury, does not concern this panel. *See Pennington v. Stynchcombe,* 428 F.2d 875 (5th Cir. 1970). Rather, we examine the trial court's failure to grant a hearing only to the extent that this failure violated federal constitution standards governing a determination of mental competency. The Supreme Court has recognized a defendant's constitutional right in an appropriate case to adequate procedures to determine his competence. *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). *See also Nathaniel v. Estelle,* 493 F.2d 794 (5th Cir. 1974). In *Pate,* the Court held that if a defendant has presented evidence to the trial court, before or during trial, that raises a "bona fide doubt" of his competence to stand trial, that court's failure to make further inquiry into the matter denies the defendant his constitutional right to a fair trial. *Pate,* 383 U.S. at 385, 86 S.Ct. at 842, 15 L.Ed.2d at 822. While the Supreme Court has not articulated a general standard for the na-

---

**1.** Petitioner incorrectly based federal jurisdiction for habeas relief on 28 U.S.C. § 1257(3), which provides for Supreme Court review, through a writ of certiorari, of a final judgment of the highest court of a state. The proper jurisdictional base for petitioner's action is 28 U.S.C. § 2254, which provides for habeas corpus relief for a person who is being held in state custody in violation of United States laws or the United States Constitution. The district court apparently assumed jurisdiction under and acted according to the correct statute.

**2.** Errors fifteen and sixteen related to the constitutionality of Georgia's death penalty statute and the allegedly incorrect implementation of that statute in this case. The district court stayed proceedings on these allegations pending the Supreme Court's determination of the constitutionality of the death penalty. The Su-

preme Court subsequently released a group of opinions analyzing various state statutes authorizing the death penalty. *See Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed. 2d 859 (1976); *Profitt v. Florida,* 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976); *Jurek v. Texas,* 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976); *Woodson v. North Carolina,* 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976); and *Roberts v. Louisiana,* 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976).

**3.** Dr. Lloyd T. Bacchus, whom petitioner requested the court to appoint, examined petitioner five times for a total of seven hours; he also interviewed petitioner's parents for four hours. Dr. DeWitt Alfred examined Chenault only once, with the record silent as to the length of the interview.

ture or quantum of evidence necessary to trigger a competency procedure, it has focused on three factors that should be considered: the existence of a history of irrational behavior, defendant's demeanor at trial, and prior medical opinion. *Drope v. Missouri,* 420 U.S. 162, at 180, 95 S.Ct. 896 at 908, 43 L.Ed.2d 103 at 118 (1975). Petitioner establishes no history of irrational behavior, other than the crime in question. In addition, he has presented no evidence to indicate that his demeanor at trial created any suspicion of mental incompetence. Finally, the two psychiatrists who examined petitioner found him to be competent to stand trial. We, therefore, conclude that petitioner raised no bona fide doubt of his competency and that the trial court did not violate *Pate* through its failure to hold a competency hearing. *See McCune v. Estelle,* 534 F.2d 611 (5th Cir. 1976) (assertion of incompetency must be backed up with substantial facts); *Grissom v. Wainwright,* 494 F.2d 30 (5th Cir. 1974) (extensive hearings and thorough psychiatric examinations on competency are not prerequisites for every trial); *Jordan v. Wainwright,* 457 F.2d 338 (5th Cir. 1972) (no hearing is mandated by a naked suggestion that defendant may be incompetent).

We have carefully examined petitioner's other assertions of error [4] and hold that whether any or all of them contravened state law,[5] none of them violated petitioner's federal constitutional rights. *See Redd v. Decker,* 447 F.2d 1346 (5th Cir. 1971). *Pennington v. Stynchcombe,* 428 F.2d 875 (5th Cir. 1970).

AFFIRMED.

---

[4] Petitioner also asserts as error (1) the district attorney's oral argument against defendant's pre-trial motions without filing a written answer; (2) the absence of a full and fair psychiatric examination as ordered by the court; (3) the court's denial of defense counsel's motion for a continuance; (4) the court's denial of a motion for granting a change of venue; (5) the court's denial of the defense motion to stay indictment; (6) the court's overruling of the demurrer to the indictment; (7) the court's denial of defendant's motion to produce an abstract of the evidence; (8) the court's denial of defendant's order for the psychiatric examination; (9) the court's denial of defendant's motion for a bill of particulars; (10) the court's denial of defendant's motion for testimony taken at the grand jury hearing; (11) the court's denial of defendant's motion for a daily transcript; (12) prejudicial statements made by the district attorney in his closing and sentencing arguments; and (13) the court's denial of defendant's motion to dismiss the indictment.

[5] The Georgia Supreme Court in its review of the case found no reversible error. *Chenault v. State,* 234 Ga. 216, 215 S.E.2d 223 (1975).