David Ray COLLINS, Appellant,

v.

Vernon HOUSEWRIGHT, Director, Arkansas Department of Corrections, Appellee.

No. 81–1329.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1981.

Decided Nov. 18, 1981.

Certiorari Denied March 1, 1982.

See 102 S.Ct. 1639.

Steve Clark, Atty. Gen., Arnold M. Jochums, Asst. Atty. Gen., Little Rock, Ark., for appellee.

James L. Tripcony, Little Rock, Ark., for appellant/petitioner.

Before HEANEY and McMILLIAN, Circuit Judges, and REGAN,* Senior District Judge.

PER CURIAM.

David Ray Collins appeals from the district court's [1] denial of his petition for writ of habeas corpus following an evidentiary hearing. Appellant argues that the state trial court denied him a fair trial by failing to make a pretrial inquiry into his competence to stand trial. For the reasons discussed below, we affirm the judgment of the district court.

Appellant was found guilty by a jury of aggravated robbery and theft of property in 1979 and sentenced to a total of thirty

---

* The Honorable John K. Regan, United States Senior District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable Oren Harris, United States Senior District Judge for the Eastern District of Arkansas.

years imprisonment. Appellant's conviction was affirmed by the Arkansas Court of Appeals[2] and the Arkansas Supreme Court.[3]

In 1980 appellant filed two *pro se* petitions in federal district court attacking his state conviction on a variety of grounds.[4] The district court consolidated the petitions and appointed counsel. Appellant, with the assistance of counsel, then filed an amended petition alleging that the state trial court (1) erroneously admitted into evidence a coerced confession obtained while he was denied the right to consult with an attorney and (2) failed to make a pretrial determination of competence, pursuant to Ark.Stat. Ann. §§ 41–605, 41–606 (1977).[5] In connection with the second claim, appellant argued that he was denied effective assistance of counsel because his attorney did not pursue the question of competency. Following an evidentiary hearing at which appellant and his defense attorney testified, the district court found no merit in appellant's allegations and denied relief. *Collins v. Cartwright*, Nos. PB–C–80–50/217 (E.D. Ark. Mar. 23, 1981).

On appeal appellant raises only the state trial court's failure to make a pretrial determination of his competence to stand trial, pursuant to applicable state law. Appellant does not challenge the constitutional adequacy of the state law nor does he allege that he was in fact incompetent at the time of trial. We, of course, make no determination in this habeas proceeding whether or not the state trial court violated applicable state law. Our concern is whether the state trial court's failure to make a pretrial determination of competency violated the federal constitutional standards set forth in *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), and *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). *See, e. g., Pedrero v. Wainwright*, 590 F.2d 1383, 1388–89 (5th Cir.), *cert. denied*, 444 U.S. 943, 100 S.Ct. 299, 62 L.Ed.2d 310 (1979); *Chenault v. Stynchcombe*, 546 F.2d 1191, 1192 (5th Cir.), *cert. denied*, 434 U.S. 878, 98 S.Ct. 231, 54 L.Ed.2d 158 (1977).

We note preliminarily that appellant has not raised the question of the state trial court's failure to make a pretrial competen-

2. *Collins v. State*, No. CA–CR 79–12 (Ark.Ct. App. Nov. 7, 1979). The only issue on appeal was the voluntariness of appellant's confession. The appellate court determined that resolution of the voluntariness question depended upon the credibility of the witnesses, a matter which the state trial court had resolved in favor of the state, and accordingly affirmed the conviction.

3. *Collins v. State*, No. CR 80–109 (Ark. Apr. 28, 1980) (order denying petition to proceed under Ark.R.Crim.P. 37 for post-conviction relief). The supreme court denied relief, noting that appellant had improperly raised multiple claims challenging the sufficiency of the evidence and alleged in conclusory terms ineffective assistance of counsel.

4. Appellant argued that he was denied effective assistance of counsel, his conviction was obtained by the use of a coerced confession, his conviction was obtained in violation of the privilege against self-incrimination, he was denied a psychiatric and medical examination, and he was not competent to stand trial due to drug use.

5. Ark.Stat.Ann. § 41–605 (1977) provides in part:

(1) Whenever a defendant charged in circuit court:

(a) files notice that he intends to rely upon the defense of mental disease or defect, or there is reason to believe that mental disease or defect of the defendant will or has become an issue in the cause; or

(b) files notice that he will put in issue his fitness to proceed, or there is reason to doubt his fitness to proceed, the court, subject to the provisions of Sections 604 and 608 [§§ 41–604, 41–608], shall immediately suspend all further proceedings in the prosecution. . . .

(2) Upon suspension of further proceedings in the prosecution, the court shall enter an order:

(a) directing that the defendant undergo examination and observation by one or more qualified psychiatrists at a local regional mental health center or clinic. . . .

Section 41–606 provides:

If the defendant's fitness to proceed becomes an issue, it shall be determined by the court. If neither party contests the finding of the report filed pursuant to section 605 [§ 41–605], the court may make the determination on the basis of the report. If the finding is contested, the court shall hold a hearing on the issue.

cy determination in the state courts. Ordinarily we would require appellant to exhaust his available state remedies. *E. g., Conner v. Auger*, 595 F.2d 407, 413 (8th Cir.) (per curiam), *cert. denied*, 444 U.S. 851, 100 S.Ct. 104, 62 L.Ed.2d 67 (1979). We think, however, that it would be useless to require exhaustion of state remedies with respect to a meritless federal constitutional claim. *E. g., Russell v. Missouri*, 511 F.2d 861, 863 (8th Cir. 1975).

Due process requires that a defendant not be made to stand trial for a criminal charge unless he [or she] has a sufficient present ability to consult with his [or her] lawyer with a reasonable degree of rational understanding, and possesses a rational and factual understanding of the proceedings against him [or her]. To safeguard that due process guarantee, the Supreme Court announced in *Pate v. Robinson* a separate procedural due process right to a competency hearing whenever the facts or events presented to the trial court raise a bona fide doubt as to the defendant's competency.

... [W]hen habeas relief is sought on grounds of a violation of the *Pate* procedural right to a competency hearing, a petitioner shoulders the burden of proving that objective facts known to the trial court were sufficient to raise a bona fide doubt as to the defendant's competency. The emphasis in a *Pate* analysis is on what the trial court did in light of what it knew then.

*Reese v. Wainwright*, 600 F.2d 1085, 1090–91 (5th Cir.) (citations omitted), *cert. denied*, 444 U.S. 983, 100 S.Ct. 487, 62 L.Ed.2d

410 (1979); *accord, Harkins v. Wyrick*, 552 F.2d 1308, 1311 (8th Cir. 1977); *cf. Lindhorst v. United States*, 658 F.2d 598 at 606–07 (8th Cir. 1981) (§ 2255 proceeding).

"The question to be asked by the reviewing court is whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *DeKaplany v. Enomoto*, 540 F.2d 975, 983 (9th Cir. 1976) (banc), *cert. denied*, 429 U.S. 1075, 97 S.Ct. 815, 50 L.Ed.2d 793 (1977); *accord, Harkins v. Wyrick, supra*, 552 F.2d at 1311 (citations omitted). "While the Supreme Court has not articulated a general standard for the nature or quantum of evidence necessary to trigger a competency procedure, it has focused on three factors that should be considered: the existence of a history of irrational behavior, defendant's demeanor at trial, and prior medical opinion." *Chenault v. Stynchcombe, supra*, 546 F.2d at 1193, *citing Drope v. Missouri, supra*, 420 U.S. at 180, 95 S.Ct. at 908.

■ We have carefully reviewed the record and agree with the district court that the evidence presented to the state trial court, before or during trial,[6] did not raise a reasonable or bona fide doubt as to appellant's competence. Appellant did not establish a history of irrational behavior or any indication that his demeanor at trial was in any way unusual. *Compare Drope v. Missouri, supra*, 420 U.S. at 178–82, 95 S.Ct. at 906–09 (defendant had a history of "pronounced irrationality" and attempted suicide during trial). Nor did appellant

---

**6.** A *Pate* violation is a procedural error by the trial court and it may occur only in the time frame encompassed by the trial itself and immediately related proceedings. Information made known to the trial judge through an unrelated proceeding weeks later may not form the base for construction of a *Pate* procedural error. It is always open for the defendant to later assert his [or her] actual incompetence at trial in a subsequent collateral proceeding, but that substantive claim should not be confused with a defendant's procedural rights under *Pate* to a hearing whenever a bona fide doubt as to competence surfaces at trial. The Supreme Court in *Drope v. Missouri* made it abundantly

clear that the concern of *Pate* was the creation of procedural rules designed to detect incompetence and insure a fair trial. The emphasis in *Pate* analysis is on the objective evidence presented to the trial court, not on evidence later developed. This issue is whether, "in light of what was then known, the failure to make further inquiry into petitioner's competence to stand trial, denied him a fair trial." "[O]ne cannot fault a trial judge for failing to determine a question that he has no reason to believe is in issue."
*Reese v. Wainwright*, 600 F.2d 1085, 1093 (5th Cir.) (citations omitted), *cert. denied*, 444 U.S. 983, 100 S.Ct. 487, 62 L.Ed.2d 410 (1979).

present any medical opinion as to his competence. Appellant's defense attorney did file a pretrial motion for a psychiatric examination,[7] which was granted by the state trial court. Appellant was to have been evaluated by Dr. Henry G. Hearnsburger at a local community mental health center. Because he had some kind of accident at the jail, appellant was unable to keep this appointment. Defense counsel did not pursue the motion for a psychiatric examination and did not raise the question of competence during trial.[8]

■ In addition, we reject appellant's argument that the state trial court's granting of the motion for a psychiatric examination necessarily raised the requisite reasonable or bona fide doubt as to his competence. Whatever the effect of the granting of the motion for a psychiatric examination may be under state law, we do not think that such a motion alone, supported only by the representation of defense counsel that appellant had blackouts and difficulty in remembering the events in question, was sufficient to raise the requisite reasonable or bona fide doubt. *See Pedrero v. Wainwright, supra*, 590 F.2d at 1388 (evidence that defendant had spent a year in a mental institution held insufficient to create bona fide doubt as to competence); *DeKaplany v. Enomoto, supra*, 540 F.2d at 982–83 & n.8, *citing People v. Laudermilk*, 67 Cal.2d 272, 431 P.2d 228, 238, 61 Cal.Rptr. 644, 654 (1967) (contention of defense counsel that defendant was incompetent to stand trial

was of "limited probative value"), *cert. denied*, 393 U.S. 861, 89 S.Ct. 139, 21 L.Ed.2d 128 (1968); *Jordan v. Wainwright*, 457 F.2d 338, 339 (5th Cir. 1972) (per curiam) ("[N]o sanity hearing is mandated by *Pate v. Robinson*, by a naked suggestion that the defendant may be incompetent."). This is particularly true where, as in the present case, the issue of competency was not raised again during the trial. *See Reese v. Wainwright, supra*, 600 F.2d at 1092.

Accordingly, the judgment of the district court is affirmed.

7. This motion contained the following:

Comes P. Douglas Mays as attorney for Defendant, having reasonable cause to believe that Defendant may be presently mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, moves the Court for judicial determination of the mental capacity of Defendant, pursuant to Arkansas Statutes Ann. 41–605 Sub. Section A, since the question of mental disease or mental defect may become an issue in this cause. My grounds for this belief is the fact that when I visited Defendant at the Pulaski County Detention facility, he was unable to converse with me about this matter but merely spoke of his frequent blackouts and his inability to remember information which is necessary for me to defend this matter. He has also been incarcerated in the observation ward of the Pulaski County jail because of his blackout spells that he has had there.

8. As he explained at the evidentiary hearing, defense counsel filed the motion for a psychiatric examination because of the possibility of an insanity defense based upon appellant's history of drug abuse and blackouts. The insanity defense was subsequently abandoned, however, and the defense theory ultimately pursued at trial, with appellant's knowledge and assistance, was that appellant was not a participant but only an innocent bystander. Defense counsel further testified that he did not consider fitness or insanity to have been an issue in the trial and that appellant was able to understand his situation and assist in the preparation of his defense.