**Jerry Dean JONES, Petitioner-Appellant,**

v.

**Harold R. SWENSON, Warden, Respondent-Appellee.**

**No. 72–1190.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1972.

Decided Nov. 9, 1972.

Rehearings and Rehearings En Banc Denied Dec. 13, 1972.

Charles A. Weiss, St. Louis, Mo., for petitioner-appellant.

Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for respondent-appellee.

Before VOGEL, VAN OOSTERHOUT and ROSS, Circuit Judges.

VOGEL, Circuit Judge.

■ This is an appeal from a denial by the United States District Court for the Eastern District of Missouri of an application for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. A. § 2254. On June 6, 1968, petitioner, Jerry Dean Jones, was convicted on his plea of guilty to murder in the second degree and thereafter sentenced to 20 years' imprisonment. On June 2, 1970, pursuant to Missouri Supreme Court Rule 27.26, V.A.M.R., Jones moved the St. Louis Circuit Court to vacate and set aside his conviction and sentence. On July 8, 1970, an extensive evidentiary

hearing was held on Jones' motion to vacate. The motion was denied and this denial was affirmed by the Supreme Court of Missouri in Jones v. State, 1971, 471 S.W.2d 223. Having exhausted his state court remedies, petitioner sought relief in federal court under the provisions of 28 U.S.C.A. § 2254, filing his application for writ of habeas corpus in the Eastern District of Missouri. The latter court dismissed the petition without a hearing. In the well-reasoned opinion of the Supreme Court of Missouri in 471 S.W.2d 223, and that of the United States District Court in Jones v. Swenson, D.C.Mo., 1972, 339 F.Supp. 789, the facts are so well documented and set out that they need not be repeated herein. Reference thereto is specifically made.

■ Petitioner's first argument on appeal is that the United States District Court erred in dismissing his petition for habeas corpus without a federal court hearing. In support of this contention, petitioner points to the denial by the trial court of his motion for a continuance made at his state habeas corpus hearing, alleging that five witnesses named on the day of the hearing would have testified in his behalf. The granting of a motion for continuance is within the discretion of the trial court. United States v. Leach, 8 Cir., 1970, 429 F.2d 956, cert. denied, 1971, 402 U.S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 151; Johnson v. United States, 8 Cir., 1961, 291 F.2d 150. In moving for the production of these witnesses on the day of the hearing, while the names of the witnesses were known to the petitioner well in advance, petitioner did not demonstrate due diligence. Where a movant does not exercise due diligence in apprising the court of the need for witnesses, a motion for continuance may be denied. Bandy v. United States, 8 Cir., 1961, 296 F.2d 882, 892, cert. denied, 1962, 369 U. S. 831, 82 S.Ct. 849, 7 L.Ed.2d 796; United States v. Harris, 10 Cir., 1971, 441 F.2d 1333, 1336. No abuse of discretion or error of constitutional proportions has been demonstrated.

■ As additional support for his first point, petitioner claims that it was error for the state judge who presided at his habeas corpus hearing, and who also accepted petitioner's guilty plea, to insert his own observation of petitioner's competency to stand trial into the record of the proceedings. However, there was other evidence before the court which would sustain a finding of competency. We find no error. As this court stated in a case cited and relied upon by the petitioner, Tyler v. Swenson, 8 Cir., 1970, 427 F.2d 412, at 417:

" * * * a trial judge is not to be disqualified simply because he is familiar with the proceedings and supplements the record with observations. Nor do a trial judge's supplemental statements into the record make him a material witness, unless he offers disputed and material testimony which is challenged by the petitioner. In the instant case it is particularly significant that the trial judge's recollection was the *only* testimony which refuted petitioner's claim, a claim which challenged the propriety of the judge's prior conduct." (Emphasis in the original.)

■ An examination of the complete record convinces us that petitioner received a full and fair state court hearing on his motion to vacate under the provisions of Rule 27.26, supra, and thus under the principles of Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L. Ed.2d 770, the District Court was not compelled to hold a *de novo* evidentiary hearing.

■ Petitioner also contends that his guilty plea was involuntary. Reference is made to the carefully considered opinion of the Supreme Court of Missouri, supra, and the very thorough opinion of the United States District Court, supra, each court having dealt most adequately with petitioner's contention. It should be noted that there was evidence to support the finding of the state court that petitioner's plea was made voluntarily. The allegations of the petitioner in his

habeas corpus petition do not present the "convincing evidence" necessary to justify a federal court in reviewing a state court's determination of disputed facts. Tyler v. Swenson, supra, 8 Cir., 1970, 427 F.2d 412, 414–415; In re Parker, 8 Cir., 1970, 423 F.2d 1021, 1027, cert. denied, 398 U.S. 966, 90 S.Ct. 2182, 26 L.Ed.2d 551.

Petitioner finally argues that he was denied a pre-trial hearing on the issue of his competency to stand trial and alleges that the lack of such a hearing deprived him of his constitutional rights as outlined in Pate v. Robinson, 1966, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815.

■ The Missouri statute which governs competency hearings is § 552.020, RSMo 1969, V.A.M.S. In a case very similar to the instant one, McCormick v. State, 1971, 463 S.W.2d 789, at 790, the Supreme Court of Missouri said:

> "V.A.M.S. § 552.020 requires only that the trial court *may* hold a hearing on the issue of competency to stand trial on its own motion, and *shall* hold a hearing when the psychiatric report is contested. In our opinion, the provisions of § 552.020 do not conflict with the prevailing federal standards." (Emphasis in original.)

We agree with this construction of § 552.020. Whether the trial judge complied with all the requirements of § 552.-020 is not a question with which this court must deal.

■ In order to obtain relief by means of federal habeas corpus, it is incumbent upon a state prisoner to demonstrate the deprivation of some constitutionally protected right during a state's criminal proceedings. Pate v. Robinson,

supra, 383 U.S. 375, 86 S.Ct. 836, 15 L. Ed.2d 815, held that where there was uncontradicted evidence of pronounced irrational behavior on the part of a state defendant and where that evidence "raises a 'bona fide doubt' as to a defendant's competence to stand trial," the defendant must receive an adequate hearing on the issue of competence. This is the constitutional standard by which the proceedings in the present case must be measured.[1]

In dealing with Pate v. Robinson, supra, the United States Court of Appeals for the District of Columbia, sitting en banc, said in Green v. United States, 1967, 128 U.S.App.D.C. 408, 389 F.2d 949, 955:

> "In recapitulation, our previous opinion in *Green* gave a particular application to the law of this circuit. That law, which has two aspects, may be summarized as follows: (1) There is no error in foregoing a hearing 'in the absence of objection by the defendant and of any other circumstances which render the superintendent's opinion substantially suspect.' (2) Where there are circumstances that cast substantial suspicion on the superintendent's opinion, however, the trial judge must *sua sponte* hold a hearing.

> "We do not understand *Pate* to lay down any substantially different standard, though it does predicate the hearing required by this standard on constitutional rather than statutory grounds. In *Green*, therefore, this court has already ruled *en banc* that no circumstances rendering the hospital's opinion substantially suspect came to the court's attention."

---

1. Petitioner also relies upon Brizendine v. Swenson, D.C.Mo., 1969, 302 F.Supp. 1011. In that case first-hand evidence of the incompetency of the defendant was presented to the state trial judge. Defendant's counsel stated in his pre-trial motion for a psychiatric examination that the defendant was "unable to understand and comprehend" the charges against him, and could not understand questions put to him by his lawyer during numerous conferences. Defense counsel stated throughout the trial that he believed the defendant to be incompetent. These facts fall directly within the fact situation of Pate v. Robinson, supra, and thus the defendant was entitled to a competency hearing. *Brizendine*, on these facts, is distiguishable from the present case.

Our reading of *Pate* is substantially supported by the very recent case of Moore v. United States, 1972, 464 F.2d 663, at page 666, where the Ninth Circuit Court said:

"Under the rule of Pate v. Robinson (1966) 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, a due process evidentiary hearing is constitutionally compelled at any time that there is 'substantial evidence' that the defendant may be mentally incompetent to stand trial 'Substantial evidence' is a term of art. * * * Evidence is 'substantial' if it raises a reasonable doubt about the defendant's competency to stand trial. Once there is such evidence from any source, there is a doubt that cannot be dispelled by resort to conflicting evidence. The function of the trial court in applying *Pate's* substantial evidence test is not to determine the ultimate issue: Is the defendant competent to stand trial? It[s] sole function is to decide whether there is any evidence which, assuming its truth, raises a reasonable doubt about the defendant's competency. At any time that such evidence appears, the trial court *sua sponte* must order an evidentiary hearing on the competency issue."

 During the state pre-trial proceedings in this case, the trial court sustained a motion made by petitioner's counsel for a psychiatric examination of the petitioner. The motion was supported only by an unverified affidavit of counsel.[2] The report of the examination filed with the state court indicated the complete competency of petitioner and included the following findings:

"1. That the accused has no mental disease or defect within the meaning of Section 552.010.

"2. That the accused has the capacity to understand the proceedings against him and can assist in his own defense.

"3. That the accused did know and appreciate the nature, quality and wrongfulness of the act with which he is charged."

Copies of the report were sent to the parties designated by the statute. The report was at no time contested by petitioner or his counsel and no additional evidence of incompetency was presented to the state trial judge. The evidence presented by petitioner at his state court habeas corpus hearing was inconclusive on the issue of competency. On the basis of this record, we cannot say that the United States District Court erred in refusing to hold that the constitutional mandate of *Pate* was in any way violated by the actions of the Missouri courts. No reasonable doubt can be found herein, and accordingly this case is affirmed.

2. The testimony of Dr. Thomas Summers given at petitioner's state habeas corpus hearing indicated that petitioner had received "a severe blow to the head by a baseball bat in 1962," after which petitioner had complained of headaches. At this same hearing Mr. Paul Dobberstein, Jr., petitioner's trial counsel, testified that only second-hand knowledge of this incident led him to file his motion for a psychiatric examination:

"Q. Now at the time that you interviewed Mr. Jones in, I assume, City Jail did you notice anything of an unusual nature about him?

"A. No, I can't say that I did at that time. It was the first time I had seen him.

"Q. Did he appear to you to be rational?

"A. Well, he was able to converse with me and tell me what he knew about the case and also give me the background information that I sought.

"Q. At that time were you made aware of anything unusual about him or his condition?

"A. Well, I believe I called his mother and I spoke to her and she told me of his background, of this incident with the baseball bat, and she suspected that perhaps he may have some mental problem, and this is what eventually lead [sic] to my filing the motion."