**UNITED STATES of America, Appellee,**

v.

**Theobald DWORSHAK, Appellant.**

**No. 74–1872.**

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1975.

Decided April 29, 1975.

---

**3.** Allen v. United States, 1896, 164 U.S. 492, 501–02, 17 S.Ct. 154, 41 L.Ed. 528.

Dick DeGuerin, Houston, Tex., for appellant.

David L. Peterson, Asst. U. S. Atty., Bismarck, N. D., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, ROSS, Circuit Judge, and TALBOT SMITH,* Senior District Judge.

TALBOT SMITH, Senior District Judge.

Theobald Dworshak appeals from his conviction after a jury trial of two counts of concealing assets from his trustee in bankruptcy in violation of 18 U.S.C. § 152. The principal defense, rejected by the jury, was that the defendant was insane at the time of the offense. Defendant now asserts as his sole contention on appeal that the trial court erred in failing to conduct, *sua sponte*, an evidentiary hearing to determine his competence to stand trial. We reject this argument and affirm the conviction.

The claim is based on Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), which held that due process requires the observance of procedures adequate to protect the right of a defendant not to be tried or convicted while incompetent to stand trial.[1] Thus under *Robinson* "a trial court has a constitutional duty to institute, *sua sponte*, a competency hearing if there is substantial evidence before the court indicating that the accused may be mentally incompetent." Crenshaw v. Wolff, 504 F.2d 377, 378 (8th Cir. 1974).[2]

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 904, 43 L.Ed.2d 103 (1975); *see* Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956), vacating per curiam, 96 U.S. App.D.C. 117, 223 F.2d 582 (1955).

2. Because a court-ordered psychiatric report indicated that defendant was competent, defendant had no statutory right under 18 U.S.C.

§ 4244 to a competency hearing. Krupnick v. United States, 264 F.2d 213, 217 (8th Cir. 1959). The failure to object to the psychiatric report, however, does not upon a proper showing preclude the assertion of the constitutional claim under *Robinson* that other circumstances known to the trial court rendered the report substantially suspect and that a hearing should therefore have been ordered *sua sponte.* Jones v. Swenson, 469 F.2d 535, 538 (8th Cir. 1972), cert. denied, 412 U.S. 929, 93 S.Ct. 2756, 37 L.Ed.2d 156 (1973), quoting Green v. United States, 128 U.S.App.D.C. 408,

The test of incompetence approved by the Supreme Court as to federal cases seeks to ascertain whether a criminal defendant " 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding— and whether he has a rational as well as factual understanding of the proceedings against him.' " Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

■ The Supreme Court has not prescribed a general standard with respect to the quantum of evidence necessary to require resort to an adequate procedure under *Robinson.* Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 904, 43 L.Ed.2d 103 (1975). It is clear, however, that where the information available to the trial court is insufficient to raise a bona fide or reasonable doubt as to a defendant's competence, no hearing is constitutionally required. *Id. See* Crenshaw, *supra* at 379; Jones v. Swenson, 469 F.2d 535, 538 (8th Cir. 1972), cert. denied, 412 U.S. 929, 93 S.Ct. 2756, 37 L.Ed.2d 156 (1973).

Defendant here, upon brief to us, asserts that a serious doubt as to his competence was raised when "at least two psychiatrists had earlier reported to the trial judge * * * that defendant was incompetent; and during the trial two of the psychiatrists, Saxvik and Thakor, and several lay witnesses * * * gave testimony to the substantial question of defendant's competency." An evaluation of this claim requires an examination of the record in detail.

We note at the outset that our careful review of the testimony and exhibits before and during trial[3] discloses no specific reference to the defendant's competence to stand trial.[4] Defendant's case, if any, as to competence to stand trial, rests principally on inferences to be drawn from the testimony and reports concerning his mental condition at the time of the offense.

The record discloses that defendant was arraigned on the original indictment on September 12, 1973. The defendant appeared with counsel and disclosed that he was then under a doctor's care for "[l]oss of memory." Defense counsel assured the court that Mr. Dworshak was able to enter a plea, and in due course his not guilty plea was accepted.[5]

---

389 F.2d 949, 955 (1967) (en banc); *see also* United States v. Maret, 433 F.2d 1064, 1067 (8th Cir. 1970), cert. denied, 402 U.S. 989, 91 S.Ct. 1678, 29 L.Ed.2d 155 (1971).

3. We are here speaking of all the information available to the trial court before and during trial. Defendant's brief lays stress on a conclusion in a psychiatric report dated July 10, 1974 (over two months before trial) expressing doubt that defendant would be able to testify in his own behalf because he is so "easily triggered into what he calls harrassment and could easily develop a florid psychotic illess [sic] again." The record reflects, contrary to defendant's assertion, that the report was not submitted to the court until after the trial, at sentencing on October 30, 1974. Defendant's Application for Bail Pending Appeal filed October 30 states that the report would be the basis of his argument on appeal that the court *should have held a competency hearing* "aliunde the trial on the merits."

Our judgment, hereinafter expressed, is not altered by consideration, in the light of its content, and of the time and circumstances under which it was offered to the trial judge, of the above noted July 10 report.

4. Apparently defense counsel were originally of the same view with respect to the trial testimony. Defendant's Application for Bail Pending Appeal contains the following paragraph:

Furthermore, Defendant says that there was no testimony with reference to the competency of Defendant to stand trial at the time of said trial, by any psychiatrist for either the prosecution or the defense.

5. THE COURT: Are you under a doctor's care at this time?

THE DEFENDANT: Yes.

THE COURT: What is the name of the doctor?

THE DEFENDANT: Falconer.

THE COURT: Dr. Falconer?

THE DEFENDANT: Yes.

THE COURT: Generally speaking, could you tell me the nature of the treatment you are receiving or the disability you are concerned with?

THE DEFENDANT: Loss of memory.

THE COURT: I see.

MR. NODLAND: Your Honor, the Defendant is counseling at the Memorial Mental Health Center in Mandan, North Dakota.

THE COURT: Well, I am concerned, of course, right now about accepting a plea. The Defendant appears to me to be oriented in time and place. He's answered my questions logically.

A second arraignment on the substituted indictment was held January 3, 1974. Again there was considerable colloquy between the defendant and the court which contains no suggestion that the defendant was unable to understand the proceedings against him.[6]

Later, and on March 21, 1974 defendant filed psychiatric reports with the court. These concerned defendant's consultation with his private physician Dr. Saxvik on March 11, 1971 and March 24, 1972, and his hospitalization for tests after a visit with Dr. Thakor, another physician of his choice, on July 19, 1972. Defendant was diagnosed a paranoid schizophrenic and was referred to a mental health clinic where he continued (as of January, 1974) to receive social work counseling "on an irregular basis." Also included was the opinion of Dr. Candy, who had reviewed the file, that an insanity defense was possible since the condition described was likely to have been operative as early as the time of the alleged offense (May, 1970). Dr. Candy also thought it likely that defendant was "remaining in a psychotic state although perhaps in a better degree of compensation at this time." He recommended further psychological testing.

As a result of these reports the court granted the Government's motion under 18 U.S.C. § 4244 that defendant submit to psychiatric examination and evaluation at the Federal Medical Center in Springfield, Missouri. After twenty-nine days of extensive testing and evaluation of defendant, Springfield reported on May 28, 1974 its professional staff opinion that the defendant presently had no mental disease or defect, and that he was competent to stand trial and responsible at the time of the alleged offense. Defendant did not challenge this report.

> Mr. Nodland, I'll ask you: In your opinion, is this Defendant able to work with you in the courtroom and handle the matter of the pleas at this time?
>
> MR. NODLAND: It is my opinion that he is able to enter a plea at this time.
>
> THE COURT: All right. If any evidence appears, why I'll just cut off the proceeding.

At trial in September, 1974 the defense of insanity at the time of the offense was raised, but not that of incompetence to stand trial. We have carefully examined the transcript and, in particular, the testimony cited in defendant's brief. It deals primarily with defendant's mental condition and behavior at the time of the offense in 1970 and at the time of his consultations with Drs. Saxvik and Thakor in 1971 and 1972. Dr. Saxvik did briefly mention a recent (July, 1974) interview with defendant. That interview confirmed his diagnosis that defendant had an ongoing schizophrenic illness which he observed at that time to be "certainly in a very quiet state."

Under the record as a whole we find insufficient evidence to raise a reasonable doubt of defendant's competency to stand trial and to require a hearing under the teachings of *Drope* and *Robinson, supra.* The record negates defendant's claim that prior to trial two psychiatrists had reported to the trial judge that defendant was incompetent. To the contrary, the report from the Federal Medical Center in Springfield stated that defendant was competent to stand trial and responsible at the time of the offense alleged. And although there was substantial testimony that defendant had suffered mental problems in 1970, 1971 and 1972, we do not think any inference from this evidence that defendant was incompetent in 1974 is so strong as to compel the conclusion that the failure of the trial judge to hold a competency hearing without any request or suggestion by counsel amounted to a denial of constitutional due process.

Affirmed.

6. For example, the following exchange occurred:

> THE COURT: Would you like to have the Indictment read at this time?
>
> THE DEFENDANT: No. I just read it.