John Hilary DURHAM, Appellant,

v.

Donald W. WYRICK, Warden, Missouri State Penitentiary, Appellee.

No. 76–1462.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 8, 1976.

Decided Nov. 16, 1976.

**42**

John H. Durham, pro se.

John C. Danforth, Atty. Gen., and Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

* The Honorable H. Kenneth Wangelin, United States District Judge, Eastern District of Missouri.

1. In October, 1939 appellant pleaded guilty to four counts of robbery in the first degree and

## PER CURIAM.

John Hilary Durham appeals from the district court's * order denying his petition for a writ of habeas corpus. We affirm.

In December, 1963 appellant was arrested and charged with statutory rape. The indictment recited seven prior felony convictions.[1] Appellant had been pardoned for these convictions on October, 1963 by the Governor of Missouri. Appellant's first trial ended when the judge declared a mistrial because of a hung jury. Appellant's second trial resulted in a mistrial upon the motion of appellant's counsel, due to a witness' volunteered statement that appellant had committed another rape. Shortly after the second mistrial, the judge granted appellant's motion for a mental examination. The resulting report stated that appellant was not suffering from mental disease or defect at the time of the crime and further stated that he was competent to stand trial. Appellant's third trial ended in a mistrial on the motion of the State, due to a death in the family of the prosecutrix. The appellant was convicted at his fourth trial, and sentenced to thirty-five years imprisonment under the Missouri Habitual Criminal Act, § 556.280, R.S.Mo. 1959. His conviction was affirmed on appeal. *State v. Durham*, 418 S.W.2d 23 (Mo.1967). Appellant was paroled in 1974, but this parole was revoked in January, 1976.

Appellant filed a motion for post-conviction relief pursuant to Missouri Rule 27.26, alleging, *inter alia*, the following: (1) that the series of trials subjected him to double jeopardy; (2) that his sentence was enhanced by the use of prior convictions for which he had been pardoned; (3) that the indictment under which he was tried was invalid under Missouri Rule 24.14; and (4) that the trial court erred in failing to hold, *sua sponte*, an evidentiary hearing to determine his competence to stand trial. The trial court denied relief. On appeal, the

two counts of using a motor vehicle to escape the scene of a robbery. In March, 1956 appellant pleaded guilty to one count of manslaughter.

Missouri Supreme Court remanded for findings of fact and conclusions of law on the double jeopardy issue. *Durham v. State,* 473 S.W.2d 397 (Mo.1971). On remand, the trial court held an evidentiary hearing and entered an order denying appellant's motion. This order was affirmed on appeal. Appellant thereupon filed the instant petition for a writ of habeas corpus. The district court referred the petition to a United States Magistrate and adopted his recommendation that the writ be denied without holding an evidentiary hearing.

On appeal, appellant alleges as grounds for relief the four grounds presented in his state post-conviction motion. In addition, he alleges the following: (1) that his parole was unconstitutionally revoked; (2) that his sentence was enhanced by the use of convictions obtained without affording him assistance of counsel; (3) that sentencing under the Missouri Habitual Criminal Act violates his right to trial by jury; and (4) that the district court erred in adopting the recommendation of the United States Magistrate's report without granting appellant a hearing.

■ We begin by noting that appellant has never presented the issue of his parole revocation to a state court. Due to lack of exhaustion of state remedies required by 28 U.S.C. § 2254(b), this issue is not properly before us. *See, e.q., Young v. State of Arkansas,* 533 F.2d 1079 (8th Cir. 1976).

■ We also note that appellant has recently filed a motion for post-conviction relief in state court pursuant to Missouri Rule 27.26. *Durham v. State,* PCR 157 (Circuit Court of the City of St. Louis, filed June 16, 1976). The gravamen of this motion is appellant's claim that his sentence was enhanced by convictions obtained in violation of appellant's right to counsel. Because this claim is currently pending before a state court, we deem it unexhausted.

Appellant's claim that sentencing under the Missouri Habitual Criminal Act violated

his right to trial by jury is based solely on Article I, Section 22(a) of the Missouri Constitution.

■ With respect to the claim of appellant that the use of convictions with respect to which he had been pardoned to enhance his sentence violated his federal constitutional rights, we have some doubt as to whether this particular claim is cognizable in a § 2254 proceeding. We note, however, that the Missouri Supreme Court has recently held that the use of pardoned convictions to enhance a sentence violates the state constitution. *Guastello v. Dept. of Liquor Control,* 536 S.W.2d 21 (Mo.1976), overruling in part *State v. Durham,* 418 S.W.2d 23 (Mo.1967). In the interest of comity, we hold that appellant's claim in this respect is not ripe for federal judicial review until he has presented his newly-acquired state constitutional claim to the appropriate state tribunal.[2]

■ Missouri Rule 24.14 provides that where two indictments for the same offense are pending against the same defendant, the indictment first found is suspended by the second indictment. At the time of appellant's trial, there was outstanding against him an indictment charging him with sodomy, arising out of the same occurrence as the statutory rape charge. Appellant thus alleges that the indictment for statutory rape was "suspended." This claim is frivolous on the merits. Under Missouri law, rape and sodomy are clearly not the same offense. *See, e.q., State v. Lewkowitz,* 265 Mo. 613, 178 S.W. 58 (1915).

■ We turn next to appellant's claim that the series of trials and mistrials subjected him to double jeopardy. Appellant's first trial ended in a mistrial after the jury was unable to reach a verdict. It is well settled that a mistrial resulting from jury deadlock does not bar retrial of a defendant unless the trial judge abused his discretion in declaring the mistrial. *United States v.*

---

**2.** An intervening change in state law allows the filing of successive motions for post-conviction relief under Missouri Rule 27.26(d). *See State v. Meeks,* 512 S.W.2d 215, 216 (Mo.App.1974).

Instead of filing a separate motion for post-conviction relief, appellant may amend his currently pending motion by incorporating his state constitutional claim.

*Perez,* 22 U.S. (9 Wheat.) 579, 580, 16 L.Ed. 165 (1824); *Logan v. United States,* 144 U.S. 263, 297–98, 12 S.Ct. 617, 36 L.Ed. 429 (1892). Appellant here alleges no abuse of discretion.

■ Appellant's second trial ended in a mistrial upon appellant's own motion. The Supreme Court has recently stated that a mistrial declared at the behest of a defendant does not bar retrial absent bad faith or harassment by the prosecutor or judge. *United States v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 1081–82, 47 L.Ed.2d 267 (1976). Appellant here alleges no bad faith or harassment.

■ Appellant's third trial ended in a mistrial when the prosecution announced a death in the family of the prosecutrix, which rendered her unavailable as a witness. At an evidentiary hearing on appellant's first Rule 27.26 motion, the state trial court found that this mistrial was declared after the beginning of the voir dire examination, but before the jury in the case had been impaneled and sworn. The record indicates that the state court afforded appellant a full and fair hearing on this issue, and we therefore accept that finding. *See Franklin v. Wyrick* 529 F.2d 79, 82–83 (8th Cir. 1976). The general rule is that jeopardy does not attach until a jury is selected and sworn. *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); *Downum v. United States,* 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963); *United States v. Lasater,* 535 F.2d 1041, 1047 (8th Cir. 1976); *Brown v. United States,* 480 F.2d 1035, 1040 (8th Cir. 1973). We thus conclude that jeopardy did not attach at this proceeding, and that a retrial was not barred by the double jeopardy clause.

■ We next examine appellant's claim that the trial court failed to hold, *sua sponte,* an evidentiary hearing on his competency to stand trial. A trial court has a constitutional duty to institute, *sua sponte,* a competency hearing if there is substantial evidence before the court indicating that the accused may be mentally incompetent.

*Pate v. Robinson,* 383 U.S. 375, 385, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Crenshaw v. Wolff,* 504 F.2d 377, 378 (8th Cir. 1974), *cert. denied,* 420 U.S. 966, 95 S.Ct. 1361, 43 L.Ed.2d 445 (1975). However, we have said that no hearing is required where the information available to the trial court is not sufficient to raise a reasonable or bona fide doubt as to competence. *United States v. Dworshak,* 514 F.2d 716, 718 (8th Cir. 1975); *Jones v. Swenson,* 469 F.2d 535, 538 (8th Cir. 1972), *cert. denied,* 412 U.S. 929, 93 S.Ct. 2756, 37 L.Ed.2d 156 (1973). In the instant case, the mental examination report gave no indication of incompetence and appellant did not contest this finding. Nor does the record disclose appellant's incompetence during the trial or any history of irrational behavior prior to the trial. In these circumstances, we hold that the trial court had no duty to hold a competency hearing on its own motion.

■ Appellant's final claim is that the district court erred in adopting the Magistrate's recommendation to dismiss the petition without affording appellant an evidentiary hearing. Construed most favorably to appellant, his notice of appeal raises two distinct claims. First, he claims that the district court improperly adopted the Magistrate's recommendation. Because 28 U.S.C. § 636(b)(3) specifically provides that a district court may assign to a Magistrate the preliminary review of applications for post-trial relief, for the purpose of recommending whether a hearing should be granted, appellant's claim is without merit. Second, appellant alleges that his petition should not have been dismissed without an evidentiary hearing. The record here reflects that appellant received a full and fair hearing in the state court. In such circumstances, the district court was not required to hold an evidentiary hearing. *Townsend v. Sain,* 372 U.S. 293, 312–13, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *Franklin v. Wyrick,* 529 F.2d 79, 81 (8th Cir. 1976).

We conclude that appellant's claims are without merit and do not require further argument. We direct, in accordance with Eighth Circuit Rule 9(a), that the order of

the district court be affirmed, unless appellant show cause to the contrary within fifteen days from the date of this order.