**Gary Wayne HARKINS, Appellant,**

v.

**Donald WYRICK, Warden, Missouri State Penitentiary, Appellee.**

**No. 76–1324.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 8, 1976.

Decided April 14, 1977.

Daniel J. McMichael, Clayton, Mo., for appellant.

William F. Arnet, Asst. Atty. Gen., Jefferson City, Mo., for appellee; John C. Danforth, Atty. Gen., Jefferson City, Mo., on brief.

Before BRIGHT and WEBSTER, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

WEBSTER, Circuit Judge.

This state habeas corpus appeal arises from Gary Wayne Harkins' claim that he was mentally incompetent on March 28, 1969, when he pleaded guilty to bank robbery charges in a Missouri state court. Harkins claims that the state court erred in failing to conduct a hearing on the issue of competency prior to accepting his plea. Alternatively, he contends that his counsel was ineffective in failing to bring his alleged incompetency to the trial court's attention at an early date.

Appellant was charged with bank robbery by information on November 2, 1968. He retained J. Martin Hadican to defend

---

* The Honorable Talbot Smith, Senior District Judge for the Eastern District of Michigan, sitting by designation.

him on the charge. According to Hadican's testimony below, appellant told Hadican that he was suffering from ulcers and a liver problem. In February, 1969, Hadican learned from the director of the Federal Medical Center in Springfield, Missouri, that appellant was suffering from abdominal pains.

Harkins' trial was set for March 28, 1969. On the morning of March 28, Harkins told Hadican that he had been examined by a psychiatrist when he was in the Missouri State Penitentiary in 1958 or 1959. Hadican confirmed this information, and presented it to the trial judge, telling the judge appellant had been examined and treated for a "paranoid disease." He asked for a continuance for a medical examination, and for permission to withdraw a former plea of not guilty and substitute a plea of not guilty by reason of mental disease or defect. The trial court denied this motion. Appellant then proceeded to plead guilty, and was sentenced to twenty-five years' imprisonment.

On August 1, 1969, Harkins was brought before the United States District Court for the Western District of Tennessee on an unrelated federal bank robbery charge. The Tennessee court conducted a hearing on the question whether he was competent to stand trial, and concluded that he was not competent. The evidence presented to the Tennessee court consisted of testimony by Dr. Kenneth Munden, who had performed a court-ordered psychiatric examination. Dr. Munden concluded that appellant was a schizophrenic who could not understand the charges against him or cooperate with counsel.

In February, 1970, appellant filed a motion to vacate sentence pursuant to Mo. Sup.Ct. Rule 27.26, contending that the Missouri trial court's failure to accord him a hearing on his competency to stand trial denied him due process of law. An evidentiary hearing was held on this motion on February 23, 1971. A deposition of Dr.

Munden was introduced, in which the doctor stated that Harkins was suffering from paranoid schizophrenia on March 28, 1969, and would have had difficulty "interpreting" the charge against him and could have assisted his attorney only to "quite a limited extent." The state produced as a witness Dr. Wayne Glotfelty of the Federal Medical Center at Springfield, Missouri. Dr. Glotfelty testified that appellant, while emotionally immature and having a tendency to want to be by himself, was not a paranoid schizophrenic and was competent to stand trial. The state court concluded, on the basis of this hearing, that appellant had been competent to stand trial on March 28, 1969. The Missouri Supreme Court affirmed. *Harkins v. State,* 494 S.W.2d 7 (Mo.1973).

Appellant then filed a second Rule 27.26 motion, claiming that Hadican, his state trial counsel, had been incompetent in failing to move for an investigation of his competency prior to the date of trial, so that his ability to claim incompetency was compromised. This motion was denied, and the denial affirmed, because appellant had not included this ground in his previous Rule 27.26 motion, as required by Rule 27.26(c). *Harkins v. State,* 521 S.W.2d 9 (Mo. App.1975).

Appellant then filed his § 2254 petition, claiming both that he had been denied due process by the failure of the state trial court to conduct a competency hearing prior to trial, and that his trial counsel had been ineffective. A hearing was conducted, at which the record was supplemented by Hadican's testimony relating to his activities prior to March 28, 1969, by appellant's testimony, and by a transcript of a second incompetency hearing held in the Tennessee court in November, 1970. At this second Tennessee hearing, both Dr. Munden and Dr. Howard Fain of the Federal Medical Center had testified concerning appellant's competency. The District Court[1] denied appellant's habeas petition.

---

1. The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri.

## I.

■ Appellant contends that he was denied due process of law by the action of the state trial judge in denying his request for a competency hearing on the day of trial. Under Mo.Rev.Stat. § 552.020(2), a competency hearing is required if the trial judge has "reasonable cause to believe that the accused has a mental disease or defect". This standard was held constitutionally sufficient in *Drope v. Missouri,* 420 U.S. 162, 173, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975).[2] *See Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). No hearing is required, however, where the "information available to the trial court is not sufficient to raise a reasonable or bona fide doubt as to competence." *Durham v. Wyrick,* 545 F.2d 41, 44 (8th Cir. 1976); *United States v. Dworshak,* 514 F.2d 716, 718 (8th Cir. 1975).

The only information presented to the state court at time of motion was that appellant had been examined and treated for a "paranoid disease" some ten years prior to trial. Our examination of prior habeas corpus petitions arising out of state convictions where no competency hearing was held provides no clear cut answer to appellant's challenge of the state court's denial of his motion. In nearly every case in which our Court has upheld the denial of a competency hearing, there was some form of psychiatric evidence available to the trial court indicating the absence of mental illness. *See Durham v. Wyrick, supra; United States v. Dworshak, supra; Jones v. Swenson,* 469 F.2d 535 (8th Cir. 1972). *See also Crenshaw v. Wolff,* 504 F.2d 377 (8th Cir. 1974) (denial of hearing proper where there is no evidence of incompetency). In this case there was no such psychiatric evidence showing appellant's competency.

However, the only evidence indicating a lack of competency was the psychiatric examination which had taken place over ten years previously; it is difficult to fault the state judge for rejecting an eleventh hour demand for a competency examination on this ground alone. In any event, we need not decide whether the state trial court erred in denying a competency hearing; it is clear that any error in this regard was cured by the 1971 evidentiary hearing in the state post-conviction proceeding.

■ The Supreme Court has recognized that in some cases a lapse of time and other factors can preclude a valid post-conviction evaluation of a defendant's incompetency claim and that if a pretrial competency hearing has been improperly denied in such a case, the only remedy is to set aside the conviction. *Drope v. Missouri, supra; Rand v. Swenson,* 501 F.2d 394 (8th Cir. 1974). If, however, a meaningful hearing on the question of competency is still possible, a *nunc pro tunc* competency hearing rather than a vacation of the conviction is the proper remedy for wrongful denial of a pretrial hearing. *Rose v. United States,* 513 F.2d 1251 (8th Cir. 1975); *United States v. Makris,* 535 F.2d 899, 905 (5th Cir. 1976); *Barefield v. State of New Mexico,* 434 F.2d 307 (10th Cir. 1970), *cert. denied,* 401 U.S. 959, 91 S.Ct. 969, 28 L.Ed.2d 244 (1971).

■ In this case, the evidence at the Missouri evidentiary hearing on appellant's competency included the testimony of Drs. Munden and Glotfelty, both of whom examined appellant in the summer of 1969, shortly after his guilty plea. Both expressed opinions relating to his competency at the time of the plea. The contemporary nature of these doctors' examinations of appellant was sufficient to make an adequate hearing

**2.** A corresponding psychiatric examination in federal prosecutions is authorized under 18 U.S.C. § 4244. Our courts have been hospitable to a § 4244 motion; it may be denied only if the court believes that the request is frivolous or has not been made in good faith. *Rose v. United States,* 513 F.2d 1251 (8th Cir. 1975). No preliminary inquiry into the fact of competency is permitted;

    [I]f the motion for a psychiatric examination shows reasonable cause to believe that

the accused may be incompetent, then the court is required to order the examination of the accused. *See, e.g., United States v. McEachern,* 465 F.2d 833, 837 (5th Cir.), *cert. denied,* 409 U.S. 1043, 93 S.Ct. 539, 34 L.Ed.2d 494 (1972); *United States v. Burgin,* 440 F.2d 1092, 1094 (4th Cir. 1971); *Meador v. United States,* 332 F.2d 935, 936 (9th Cir. 1964); *Krupnick v. United States,* 264 F.2d 213, 216 (8th Cir. 1959).

*Id.* at 1255 (footnote omitted).

possible in August, 1971. *United States v. Makris, supra; Barefield v. State of New Mexico, supra.*

▋ Appellant claims that, even if the state could have afforded an adequate hearing on the issue of competency in August, 1971, the hearing actually afforded did not produce findings of fact which were entitled to the presumption of correctness required by 28 U.S.C. § 2254(d). Section 2254(d) provides that state factual findings are presumed correct and may not be set aside by a federal habeas court unless the petitioner can demonstrate by convincing evidence that they are erroneous, or unless one or more of eight enumerated conditions has not been satisfied. Appellant's principal contention is that the state findings concerning competency were not "fairly supported by the record," as required by 28 U.S.C. § 2254(d)(8).

The evidence on the issue of competency consisted of the testimony of Dr. Munden and Dr. Glotfelty. Dr. Munden, a Memphis psychiatrist, examined appellant in June, 1969. He diagnosed appellant as suffering from paranoid schizophrenia; his diagnosis was based in part on information received from a Missouri state hospital concerning its 1959 examination of appellant, and in part on his own examination. He found a "strong likelihood" that appellant was suffering from this condition in March of 1969. He testified that at that time appellant would not, to a certain extent, have been able to understand the nature of the charges against him. Also, because of the mental disease, appellant could have assisted his attorney only "to a limited extent."

Dr. Glotfelty, head of the Psychiatric Department of the Federal Medical Center, first observed appellant in August, 1969. He concluded, on the basis of his own obser-

vations and examinations by his staff, that appellant was not a paranoid schizophrenic, but instead manifested "a personality pattern which tends to show that he is emotionally immature. And the term that is not used in the present day psychiatric terminology that I would use is socialpathic and a few years ago it would have been psychopathic. I think he is a person who has a tendency to wish to be by themselves. They don't socialize much." Dr. Glotfelty testified that, at the time of the guilty plea, appellant could have both understood the charges against him and assisted counsel in his defense.

The state court was faced with a choice between the conflicting testimony of two experts, both of whom had a thorough opportunity to examine appellant and access to the same test results. The court also had the benefit of its own observations of appellant at the time it accepted his plea. There is nothing in the record to show that the state court erred in accepting Dr. Glotfelty's diagnosis rather than Dr. Munden's. The court's findings appear supported by the record.[3] From this it follows that, if appellant is to prevail in the federal courts, he must show by convincing evidence that the state findings were erroneous. 28 U.S.C. § 2254(d); *LaVallee v. Rose,* 410 U.S. 690, 695, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973); *Winford v. Swenson,* 517 F.2d 1114, 1118 (8th Cir.), *cert. denied,* 423 U.S. 1023, 96 S.Ct. 464, 46 L.Ed.2d 396 (1975).

In addition to the state record, the evidence at the federal hearing included testimony by appellant's trial counsel, Hadican, that he observed no signs of bizarre or unusual behavior in appellant, that appellant was fully cooperative in his defense, and that he was capable of understanding the charges against him.

---

**3.** At oral argument in this Court, appellant's counsel also contended that an evidentiary ruling at the state hearing denied appellant a "full and fair hearing," as required by 28 U.S.C. § 2254(d)(6). Appellant moved at the state hearing to introduce a transcript of the 1969 competency hearing held in the Western District of Tennessee, at which Dr. Munden had testified. The transcript was excluded on grounds of hearsay and relevancy. Since Dr. Munden's testimony was before the state court in a deposition prepared for the Missouri proceeding, excluding the transcript of his similar testimony in Tennessee could not have prejudiced appellant. The transcript of the second Tennessee hearing, held in November, 1970 (*see* note 4, *infra*), was not produced in the state court.

Hadican also testified that appellant's guilty plea was the result of a plea agreement, under which the state would not prosecute appellant's common law wife on charges arising out of the same incident. The transcript of the November, 1970, competency hearing in the Tennessee federal court, which had not been produced in the state court's post-conviction proceedings, was received in evidence.[4]

Appellant testified as to his childhood psychiatric episodes, epileptic seizures and paranoid behavior. He explained that he had told Attorney Hadican that he had been in the Springfield Medical Center for two years.[5]

All of the available medical and lay evidence was thus before the District Court. It appears from this evidence that appellant entered a plea of guilty not because he did not or could not understand the nature of the charge or assist his attorney in his own defense, *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), but because he had an opportunity to enter into a plea agreement which would afford relief from prosecution to his common law wife. The presumption of validity accorded to the state court findings of fact stood unrebutted, and the District Court did not err in denying appellant's claim to habeas corpus relief on grounds of incompetency.

## II.

Appellant's second contention is that he was denied the effective assistance of counsel by Hadican's failure to investigate a possible competency defense prior to the day set for trial. Failure to investigate a possible defense can amount to ineffective

assistance. *Thomas v. Wyrick,* 535 F.2d 407, 413 (8th Cir. 1976); *cert. denied,* 429 U.S. 868, 97 S.Ct. 178, 50 L.Ed.2d 148; *Wolfs v. Britton,* 509 F.2d 304 (8th Cir. 1975); *McQueen v. Swenson,* 498 F.2d 207, 213 (8th Cir. 1974).

Appellant contends that the pretrial investigation here was inadequate because Hadican did not examine the possibility of a claim of incompetency to stand trial. His contention is without merit because he has shown neither ineffective assistance nor resulting prejudice.

Hadican testified, and apparently the District Court credited his testimony, that he had no knowledge of appellant's mental problems until the day set for trial, March 28, 1969. He also testified that appellant cooperated fully in the preparation of his defense and understood the charges against him. In these circumstances, pursuit of defenses other than incompetence was hardly a failure to exercise "the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances", the standard for effective assistance under *United States v. Easter,* 539 F.2d 663, 666 (8th Cir. 1976).[6]

Appellant has shown no prejudice from the failure to investigate. Prejudice is an essential element of an ineffective assistance claim. *Thomas v. Wyrick, supra; McQueen v. Swenson, supra.* In connection with his state 27.26 hearing, appellant was accorded a full and fair hearing on the question of competency, resulting in a determination that he was competent. He presents nothing to show that he could have made a stronger demonstration of incompetency at the time of his guilty plea.[7]

---

4. Dr. Munden had testified in the Tennessee case that appellant was incompetent. Dr. Fain, of the Springfield Medical Center, also testified. He stated that appellant was "schizoid personality with schizophrenic reaction," that he was using "psychotropic" medication, and that he had a "tenuous hold on reality." Dr. Fain *doubted whether appellant could withstand the stress of a trial.* He stated that he had "severe qualms" about whether appellant was fully competent.

5. The District Court rejected this testimony as unworthy of belief.

6. Appellant points also to notations in his medical records at the Springfield Medical Center indicating emotional problems. There is nothing in the record to show that Hadican saw these records, or had reason to obtain them. He testified that he talked with Dr. Ciccone, who indicated only that appellant had physical problems.

7. Appellee makes a strong argument that appellant's claim of ineffective assistance of counsel was known to him and could have been presented at the first Rule 27.26 state post-conviction hearing. Missouri Supreme Court Rule

Appellant has had two full and fair hearings on the issue of his competency to stand trial and at least one full and fair hearing on the adequacy of his counsel. The findings of competency are supported by substantial evidence, despite the fact that appellant was declared incompetent to stand trial in the Tennessee case some five months after his state court conviction in this case. We think the District Court was fully justified, on the record before it, in dismissing appellant's petition.

Affirmed.

27.26(d) precludes successive petitions on grounds which were known to a petitioner at the time of the original filing. The right of a state to impose such a requirement has been upheld by the Supreme Court. *Murch v. Mottram,* 409 U.S. 41, 45, 93 S.Ct. 71, 34 L.Ed.2d 194 (1972). A deliberate bypass of state procedures may preclude collateral access to federal courts for the same relief. *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). When the core of a petitioner's habeas corpus claim, however, is his incompetency at time of trial, we think a very strong showing is required to invoke the deliberate bypass rule. In this case we have preferred to reach the merits.