**Frank J. GUINAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 51151.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 2, 1986.

Motion for Rehearing and/or Transfer
Denied Jan. 6, 1987.

Motion for Rehearing and/or Transfer
Denied March 11, 1987.

Application to Transfer Denied
April 14, 1987.

Robert J. O'Hanlon, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Judge.

Movant, Frank J. Guinan, appeals the denial of his Rule 27.26 motion to vacate judgment and sentence for capital murder in the Circuit Court of Franklin County. A jury found movant guilty of killing a fellow inmate, John McBroom, at the Missouri State Penitentiary. Guinan and another inmate, Richard Zeitvogel, (*State v. Zeitvogel*, 655 S.W.2d 678 (Mo.App.1983)) entered the cell of the victim and stabbed the victim repeatedly with "knives" made out of ½ of a pair of scissors. Movant was sentenced to death on January 15, 1982. Movant's conviction and sentence were affirmed on appeal. *State v. Guinan*, 665 S.W.2d 325 (Mo. banc 1984). On October 16, 1984 movant filed his Rule 27.26 motion and a evidentiary hearing was held. The motion was denied.

On appeal, movant raises four points of error: (1) the erroneous denial of his pretrial Motion for mental examination as to his competency to stand trial; (2) the ineffective assistance of counsel; (3) the denial of a fair trial in that movant and his witnesses were required to appear in court in leg chains and handcuffs; and, (4) improper closing argument by the prosecutor. We affirm.

At the outset we note that in our review, we are limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous. Rule 27.26(j); *Medley v. State*, 639 S.W.2d 401, 403 (Mo.App.1982).

In movant's first point, he asserts that the trial court erred in denying his pretrial motion for mental examination under Chapter 552 RSMo (1978). Movant argues that the mere filing of the motion coupled with counsel's "stated belief that [movant] suffered from a mental disease or defect causing him to lack capacity to understand the proceeding against him or to assist in his own defense" entitled him to an examination as of right. Movant contends in his point relied on that to first require evidence of incompetency would defeat the purpose of the motion.

Movant's first point varies from the allegation of error contained in his 27.26 motion. In his original pro se motion, movant alleged that constitutional error was committed by the trial court's refusal to order a psychiatric evaluation because movant was deprived of possible mitigating circumstances to present at the punishment phase of his trial. Movant cited § 565.012.3 RSMo (1978) in support of his allegation. In his amended motion filed by counsel, movant alleged that the denial of the examination additionally violated due process because movant was deprived of a possible "defense based upon the issue of insanity at the time of the alleged offense...."

It is clear that neither movant's original motion nor his amended motion embody the allegation of error contained in his point relied on in this appeal. Generally, a variance between a claim advanced in a Rule 27.26 motion and claim on appeal leaves nothing to review. *Plant v. State*, 547 S.W.2d 835, 836 (Mo.App.1977). However, at the evidentiary hearing on movant's 27.26 motion, testimony was present-

ed concerning movant's capacity to stand trial. This testimony was received without objection from the state. The hearing court addressed the issue in its findings and conclusions. Under these circumstances it may be reviewed on appeal. The 27.26 motion will be treated as amended to conform to the evidence. *Laws v. State*, 708 S.W.2d 182, 184 (Mo.App.1986).

■ The state argues that movant's claim is not cognizable herein because it could have been presented on direct appeal from movant's conviction. Alternatively, the state argues that even if movant's claim is cognizable, it is nonetheless without merit because the movant was not prejudiced. We agree. Appellant's claim could or should have been raised on direct appeal as a matter concerning trial error. Rule 27.26(b)(3); *Mahoney v. State*, 660 S.W.2d 774, 775 (Mo.App.1983)

■ In any event, movant has shown no trial error. Section 552.020 RSMo (1978), under which defendant filed his pretrial motion, provides in pertinent part that whenever any judge "has *reasonable cause to believe* that the accused has a mental disease or defect excluding fitness to proceed," he shall appoint a physician to conduct a psychiatric examination. (emphasis supplied). Section 552.020 presents the standard for determining when a psychiatric evaluation on the issue of competency to stand trial shall be ordered. Before ordering a psychiatric examination, the trial court should have reasonable cause to believe that the defendant has a mental disease or defect excluding fitness to proceed, whether from evidence adduced or from its personal observationof the defendant. *State v. Beal*, 602 S.W.2d 22, 23, 24 (Mo.App.1980). In this matter, the trial court is vested with broad discretion with regard to ordering a mental examination. *Id.* at 23. The mere filing of a motion under § 552.020 and counsel's naked assertion that the accused is incompetent does not provide the trial court with reasonable cause to believe that the psychiatric examination is required. There must be evidence tending to show incompetency or it must

appear to the trial court from personal observation that the defendant is incompetent. At the pretrial conference in which movant's motion for competency examination was discussed, no evidence was adduced in support thereof. Instead, movant's counsel grounded the motion on "the [movant's] prior record" and "the seriousness of the [offense]." These allegations do not, as a matter of law, establish a reasonable basis to order a psychiatric examination. On review of the record, we conclude that the 27.26 hearing court was not clearly erroneous in its finding.

Movant's second point on appeal is an assertion of ineffective assistance of counsel under the 6th and 14th amendments.

■ There is no question that an accused is entitled to the effective assistance of counsel. *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). The standard for determining the effectiveness of trial counsel was set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish ineffectiveness, petitioner must show that the legal representation fell below an objective standard of reasonable assistance and that there is a reasonable probability that the result in the trial proceedings would have been different with a more effective counsel. *Id.* at 687, 104 S.Ct. at 2064. In *Strickland*, the Supreme Court observed:

> "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence.... A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."

*Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

Movant asserts two areas in which trial counsel was objectively below the standard of reasonable professional assistance. Movant claims that his trial counsel failed to investigate a possible defense based on mental disease or insanity and that his trial counsel failed to adequately prepare for the punishment phase of movant's trial.

■■■ Movant argues that his trial attorney's failure to fully investigate the defense of mental disease or insanity constituted ineffective assistance of counsel. It is true, as movant suggests, that failure to investigate a possible defense can amount to ineffective assistance. *Harkins v. Wyrick,* 552 F.2d 1308, 1313 (8th Cir.1977). However, in order to establish ineffective assistance in the failure to investigate, it is incumbent that prejudice be shown. *Id.* Stated another way, movant must show that mental disease or insanity was a "viable defense" that was overlooked by trial counsel. *See Hogshooter v. State,* 681 S.W.2d 20, 21 (Mo.App.1984). Here, movant has shown no prejudice. He presented nothing to show that mental disease or insanity was a viable defense.

The movant's second area of argument is that his trial attorney offered no additional evidence in the punishment phase of the trial. Movant argues that no reasonably competent attorney would entirely abstain from presenting evidence and calling witnesses during the punishment phase.

■■■ Movant's arguments amount to second guessing trial counsel's decisions. We said in *Holzer v. State,* 680 S.W.2d 764, 767 (Mo.App.1984): "which witnesses to call and whether the witnesses would be helpful is a matter of professional judgment and is not an adequate ground to find movant's trial counsel to have been ineffective." Defense counsel provided a reasonable basis for his strategy in not calling witnesses and such a basis cannot render the assistance incompetent or ineffective. *Bolder v. State,* 712 S.W.2d 692, 695 (Mo.

App.1986). Movant's counsel conferred with movant's family at length about appearing at the punishment phase of trial. He discussed movant's case with "several people from the penitentiary." Movant and his counsel discussed whether he should take the stand during the punishment phase. Counsel determined that to put on any witness during the punishment phase would be detrimental to movant's case. He said that he could not figure a way to put on any witnesses without the details of movant's twelve prior felony convictions, and in particular one assault, coming out. This was reasonable trial strategy. The hearing court's finding is not clearly erroneous.

■■■ Movant contends in his third point that he was denied a fair and impartial trial because he and his witnesses were required to appear throughout the trial in leg chains and handcuffs. This point was made by movant in his direct appeal to our Missouri Supreme Court. *Guinan,* 665 S.W.2d at 330–31. It was considered and denied. As such, it is an inappropriate ground upon which to reverse the denial of a 27.26 motion. In *Medley v. State,* 639 S.W.2d 401, 404 (Mo.App.E.D.1982), we found that a matter decided in an earlier appeal cannot be subjected to review by a subsequent post-conviction relief proceeding.

In his fourth point, movant contends that a portion of the state's closing argument at trial was improper because the jury was led to believe that the responsibility for determining the appropriateness of the sentence did not rest with the jury, but with an appellate court.

During the course of his closing argument the prosecutor stated:

You know, we—naturally, I'm sure you expect, we get a little tedious at times, lawyers do, especially in a capital murder case. Mr. Hampe [defense counsel] and I both want to be sure the record in the case is proper, the defendant gets a fair trial. It's the Judge's responsibility to see that the rules are followed, but

even as a prosecuting attorney, as the expert in the Court, I know if the rules aren't followed, no matter what we do, you know, that some appellate court later on may say, "The defendant didn't get a fair trial because you didn't do something right." So we all watch very carefully to try to be sure that every single thing is done right.

Movant argues that the reference to appellate courts by the prosecutor was impermissible in that it led the jury to shirk responsibility for its decision. Movant cites *Caldwell v. Mississippi,* 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985) in support of its position. In *Caldwell,* the prosecutor, in his closing argument, told the jury that its imposition of the death penalty was automatically reviewable under Mississippi law. In a divided opinion, the Court struck down the death sentence imposed by the jury because of the prosecutor's comments. Of significance was Justice O'Connor's pivitol concurrence in which she stressed that argument of this type was not necessarily error of constitutional proportions, provided that the information in the prosecutor's argument was accurate and not misleading. *Id.,* 105 S.Ct. at 2646. However, the prosecutorial statement in *Caldwell* was inaccurate to an extent impermissibly diminishing the jury's sense of responsibility because the scope of automatic review referred to was actually severely restricted by Mississippi law.

Here, in contrast to *Caldwell,* nothing was said about appellate review of jury mistake; in sentencing or otherwise. We note that the prosecutor was referring to mistakes made by the trial court and the attorneys during the trial and not mistakes made by the jurors. The argument did not diminish the jury's sense of responsibility. They were not told that error on their part would be reviewed. We do not condone the argument of the prosecutor and the mention of appellate review should be avoided, *see State v. Roberts,* 709 S.W.2d 857, 869 (Mo. banc 1986), but we do not believe that there was constitutional error. The judg-

ment of the hearing court was not clearly erroneous.

We affirm.

GARY M. GAERTNER, P.J., and STEPHAN, J., concur.