

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
vs. ) No. SD36510
)
DEMARCUS OWENS, ) **Filed: March 5, 2021**
)
    Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF NEW MADRID COUNTY

Honorable William Edward Reeves, Circuit Judge

## <u>AFFIRMED</u>

A jury found Demarcus Owens ("Appellant") guilty of assault in the first degree, unlawful possession of a firearm, unlawful use of a weapon, resisting a lawful detention, and three counts of armed criminal action. This is an appeal from the trial court's denial of Appellant's motion for a competency evaluation. We find no error in the denial and affirm the judgment.

On the day of trial, Appellant's defense attorney filed a second motion for a competency evaluation.[1] Two years earlier, a prior motion had been granted, a

---

[1] The second motion for competency evaluation was filed on October 23, 2019, which was Appellant's original trial date; however, the trial was continued for related issues to October 28, 2019.

competency evaluation was ordered, and a report was filed with the trial court. In the prior examination, the report indicated that Appellant did not suffer from a mental disease or defect at all. The examiner stated that Appellant was malingering,[2] feigning deficits in court-related knowledge so that he could be found incompetent to proceed. Appellant was significantly uncooperative with much of the evaluation, "strongly" indicating that he was malingering. His response patterns indicated that he was purposefully trying to provide inaccurate or opposite responses to questions despite knowing the correct answers. While he was unwilling to state his understanding of the charges against him, other answers indicated that he understood his legal predicament. The examiner believed that Appellant's defiance was volitional and he had the capacity to cooperate if he chose to do so. Thus, she concluded that Appellant had no mental disease or defect causing him to lack capacity to understand the proceedings or participate in his defense.

Between the time of the first evaluation in July 2017 and the original trial date in October 2019, there was no issue with Appellant's behavior in jail until the morning of the original trial date of October 23, 2019. At that time, Appellant's counsel indicated that Appellant was exhibiting some unusual behavior which warranted the need for a mental examination and a cancellation of the trial. The trial court noted that during the "eight or nine times" Appellant had appeared before the trial court, including the day before the scheduled trial date, Appellant appeared able to answer direct questions from the court and had not displayed any unusual behaviors which would impede his ability to stand trial and cooperate with his defense.

Subsequently, the trial court denied the motion, noting he had relied on the prior

---

[2] The examiner explained the term malingering as the intentional production or gross exaggeration of symptoms motivated by external incentives.

mental evaluation, testimony from the jail administrator regarding Appellant's behavior in jail, and the court's own observations. The court concluded that Appellant had a rational understanding of the proceedings and the ability to assist counsel and thus was competent to stand trial. Appellant brings this appeal claiming the trial court erred in denying the motion because the observations of the jail administrator and the trial court cannot substitute for the opinions of mental health professionals.

As set forth in ***State v. Williams***, 247 S.W.3d 144, 148 (Mo.App. S.D. 2008):

"The mere filing of a motion under [section] 552.020 and counsel's naked assertion that the accused is incompetent does not provide the trial court with reasonable cause to believe that the psychiatric examination is required. There must be evidence tending to show incompetency or it must appear to the trial court from personal observation that the defendant is incompetent." *Guinan v. State*, 726 S.W.2d 754, 757 (Mo.App.1986). Where the available facts do not rise to the level of "reasonable cause," the trial court has broad discretion in deciding whether to order a mental exam. *Holman v. State*, 88 S.W.3d 105, 110–11 (Mo.App.2002); *State v. Tilden*, 988 S.W.2d 568, 576–77 (Mo.App.1999). The court is not a mere "automaton" that must grant such motions just because they have been filed. *Woods v. State*, 994 S.W.2d 32, 37 (Mo.App.1999).

"The guiding issue of appellate review where the court has not sustained or instituted an order for a mental exam under [section] 552.020.2, is not whether the defendant was truly competent to stand trial, but, rather, whether the failure to order an exam under the circumstances constituted a denial of due process." *Woods*, 994 S.W.2d at 37. When reviewing whether reasonable cause existed to have ordered an exam, this court determines whether a reasonable judge, in the same situation as the trial judge, should have experienced doubt as to the defendant's competency. *State v. Tokar*, 918 S.W.2d 753, 762–64 (Mo. banc 1996); *State v. Elam*, 89 S.W.3d 517, 521 (Mo.App.2002). The trial court's determination of competency is a factual determination that must stand unless unsupported by substantial evidence. *Elam*, 89 S.W.3d at 521; *Tilden*, 988 S.W.2d at 576. We defer to the trial court's factual determinations without re-weighing the evidence, as the trial court is in the best position to assess the credibility of those testifying and weigh the evidence accordingly. *State v. Baumruk*, 85 S.W.3d 644, 648 (Mo.2002); *Elam*, 89 S.W.3d at 521; *Tilden*, 988 S.W.2d at 576.

The single point is denied because the trial court specifically noted that it had relied upon

3

the prior mental competency evaluation as well as the subsequent observations which indicated that Appellant was competent to understand the proceedings, assist his counsel, and cooperate in his defense. The trial court's determination, made by crediting the prior evaluation, the trial court's own observations, and the testimony of the jail administrator, was supported by substantial evidence. The point is denied; the judgment is affirmed.

Nancy Steffen Rahmeyer, P.J. – Opinion Author

William W. Francis, Jr., J. – Concurs

Jack A. L. Goodman, J. – Concurs