**Rickie McNAIR, Petitioner,**

v.

**Richard L. DUGGER, et al., Respondents.**

No. 87–1076–CIV–T–17(B).

United States District Court, M.D. Florida, Tampa Division.

March 31, 1988.

Howard J. Shifke, Tampa, Fla., for petitioner.

Alan L. Overton, Tampa, Fla., for respondents.

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

KOVACHEVICH, District Judge.

This cause of action is before the Court on petition for writ of habeas corpus filed July 23, 1987. Petitioner pled guilty to first degree murder in the Circuit Court of the Tenth Judicial Circuit, Polk County, Florida. On January 25, 1984, was sentenced to life with a mandatory twenty-five (25) years. Petitioner did not appeal the judgment of conviction.

Petitioner filed a Rule 3.850, Fla.R.Cr.P. motion with the Tenth Judicial Circuit. The motion was denied and appeal taken. The lower court was affirmed per curium.

The petition for writ of habeas corpus alleged as grounds for the claim of unlawful detention: 1) ineffective assistance of counsel and 2) ineffective assistance of counsel in allowing mentally ill client to plead guilty. Respondents answered the petition on November 27, 1987, denying each and every allegation of the petition. The Court interpolated the answer as a motion for summary judgment and ordered Petitioner to respond.

After response was received to the motion for summary judgment, the Court denied the motion on January 6, 1988. At that time, the Court granted Petitioner's

previous request and appointed counsel to represent him in these proceedings. Thereafter, by agreement, the parties waived the necessity for an evidentiary hearing and requested oral argument on the petition. Oral argument was held March 25, 1988.

Based on the pleadings and exhibits thereto and the oral arguments of March 25, 1988, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. In 1983, Petitioner was charged with murder in Polk County, Florida, and arrested in Columbus, Georgia. While incarcerated in Georgia, Petitioner and his family retained Georgia counsel. Ultimately, Petitioner was extradited to Florida.

2. On August 30, 1983, Petitioner's attorney referred him to Medical Psychology Services, PC, Columbus, Georgia for a psychological evaluation. A report of that evaluation was issued August 31, 1983. Joseph F. Kersey, Ph.D., licensed psychologist, conducted the Wechsler Adult Intelligence Test–Revised (WAIS–R) and the Wechsler Memory Scale (WMS).

3. The test results on the WAIS–R produced a Verbal IQ of 61, a Performance IQ of 70, and a Full Scale IQ of 64. During testing Petitioner seemed confused and had great difficulty in understanding and following instructions. Mr. McNair's areas of indicated greatest deficit were in those requiring social judgment and maintenance of contact and perspective.

4. As to the WMS test, Dr. Kersey stated: "His age corrected raw score was so low that it could not be evaluated on the Memory Quotent (sic) (MQ) norms. It indicated an MQ that would be less than 48. He demonstrated severe impairment in his immediate memory, his short-term memory, his long-term memory, and his fund of general information."

5. In summary, the evaluation stated Mr. McNair's performance indicated him to be in the category of mild mental retardation.

6. On November 7, 1983, Petitioner's trial counsel filed a motion to appoint experts to determine competency to stand trial. In relevant part the motion stated:

> Prior to his being transported to Florida to face this charge, Rickie Norman McNair attempted to commit suicide in the Muscogee County Jail.
>
> Rickie Norman McNair underwent a psychological evaluation in August of this year which indicated severe impairment of his immediate memory, his short-term memory, his long-term memory, and his fun of general information.
>
> Rickie Norman McNair is presently taking psychotropic medication on a regular basis in the Polk County Jail.
>
> The undersigned attorney has grave reservations concerning Rickie Norman McNair's competency to stand trial at this time in that he does not have sufficient present ability to consult with his lawyers with a reasonable degree of rational understanding or to understand the proceedings against him.

7. On December 8, 1983, the trial court granted the motion and appointed two (2) experts to evaluate Petitioner. The order directed Petitioner to be examined as to his competency to stand trial and, if found incompetent, determination of whether or not he met the criteria for involuntary hospitalization or residential retardation services.

8. The trial court set a hearing for December 19, 1983, on the issues raised in the December 8 order. A hearing was held on December 19, 1983, but not to determine Petitioner's competency to stand trial and to examine the reports of the appointed experts. Rather, Petitioner's trial counsel brought him to court to enter a change of plea.

9. At that time Mr. McNair had not been examined by either of the appointed experts. Mina Morgan, one of Petitioner's trial counsel, however, assured the court that she had no doubt in her mind that he was able to understand the proceedings against him and to assist his counsel. (Transcript, pgs. 8–9). She also stated she felt Petitioner had some serious mental disorders, but she still believed he could understand the charges against him. (Tran-

script, pg. 10). At the time of the change of plea, Petitioner was taking Mellaril to calm him down. (Transcript, pgs. 11–12).

10. When questioned Petitioner stated that he knew what was going on and understood the plea and sentence or nodded his assent to such questions. (Transcript pgs. 12–15).

## CONCLUSIONS OF LAW

1. Petitioner challenges his incarceration on the basis of ineffective assistance of counsel and involuntariness of his plea. The test for establishing ineffective assistance of counsel was promulgated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong of the two-prong test is whether counsel's performance was deficient, "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment. *Id.*, at 687, 104 S.Ct. at 2064. Secondly, Petitioner must show that the deficient performance prejudiced the defense. Counsel's performance should be viewed under a reasonable standard in light of prevailing professional norms and in consideration of all of the circumstances of the individual case. *Id.*, at 688, 104 S.Ct. at 2064.

2. Petitioner's trial counsel provided ineffective assistance of counsel by bringing Petitioner into court to enter a guilty plea on December 19, 1983. There was every reason to question the competency of Petitioner to enter a plea, based on the psychological evaluation alone this Court would have wanted expert opinion. At the heart of effective representation is the independent duty to investigate and prepare. *Goodwin v. Balkcom*, 684 F.2d 794, 805 (11th Cir.1982), *cert. denied*, 460 U.S. 1098, 103 S.Ct. 1798, 76 L.Ed.2d 364 (1983).

3. Trial counsel, as an officer of the court, stated, in his motion to appoint experts, that he had "grave reservations" regarding Petitioner's competency to understand and assist his counsel. Trial counsel commenced efforts to investigate and prepare as fully as possible by seeking to have a professional determination made of that competency. The Court found reasonable grounds for this determination and thus appointed two experts to examine Petitioner and report their findings so such determinations could be made.

4. Prior to Petitioner being examined by either appointed expert, his trial counsel brought him to the trial court to enter a plea of guilty to a charge of first degree murder; at that time, co-defense counsel Mina Morgan assured the court that she believed Petitioner competent to enter the plea and fully able to understand the proceedings against him at that time.

5. Under the circumstances of this case and, in particular, the motion to appoint experts and the proceedings at the change of plea, the Court finds the performance of trial counsel deficient, thereby satisfying the first prong of the *Strickland* test.

6. To meet the second part of that test, Petitioner must establish that the deficiency resulted in prejudice. In the totality of the circumstances of this case, as previously explicated, this Court finds Petitioner has shown prejudice. Counsel for Petitioner seemingly inexplicably abandoned an issue which went to the heart of effectively representing Petitioner, in his best interests.

7. Petitioner's second issue is whether or not his plea was voluntary. Having already determined that Petitioner did not receive effective assistance of counsel, it is not required that the Court to address this issue. However, the Court has reviewed the arguments of counsel as to this issue and finds the arguments of Petitioner persuasive. The Court finds the plea of guilty entered by Petitioner on December 19, 1983, did not conform to basic due process requirements. Accordingly, it is

ORDERED that the petition for writ of habeas corpus be granted and the cause of action be remanded to the state court for proceedings consistent with this opinion.