**Rickie N. McNAIR, # 092673, Petitioner–Appellee,**

v.

**Richard L. DUGGER, Secretary, Dept. of Corrections, Robert Butterworth, Respondents–Appellants.**

No. 88–3297.

United States Court of Appeals, Eleventh Circuit.

Feb. 23, 1989.

---

Alan Overton, Asst. Atty. Gen., Joseph R. Bryant, Asst. Atty. Gen., Tampa, Fla., for respondents-appellants.

Howard Shifke, Tampa, Fla., for petitioner-appellee.

Before TJOFLAT and EDMONDSON, Circuit Judges, and GIBSON *, Senior Circuit Judge.

PER CURIAM:

The State of Florida appeals from the district court's grant of Rickie N. McNair's petition for a writ of habeas corpus. *See McNair v. Dugger*, 682 F.Supp. 511 (M.D. Fla.1988). We conclude that the writ was granted improvidently.

## I.

In 1983, petitioner was charged with first-degree murder in Polk County, Florida. Previously, while under arrest in Georgia, petitioner had retained the legal services of William L. Kirby, who secured a psychological evaluation of petitioner. The results of this evaluation showed, among other things, that petitioner had an IQ of 64, "in the category of mild mental retardation," and that petitioner had a memory quotient of less than 48, "so low that it could not be evaluated on the Memory Quotient [ ] norms."

While awaiting trial in Florida, petitioner retained the services of Mina Morgan, an experienced criminal defense attorney; Mr. Kirby also continued to represent petitioner. Prior to trial, Ms. Morgan moved the court to appoint experts in order to determine petitioner's capacity to stand trial. The court granted the motion, but before petitioner could be evaluated, petitioner and the State entered into a plea agreement. The agreement specified that petitioner would enter a plea of guilty to first-degree murder; in exchange, the State would not seek the death penalty.

Before accepting petitioner's plea, the trial court held a lengthy discourse with petitioner, his attorneys, and the prosecution. The purpose of this discourse was to assure that petitioner was competent to enter a guilty plea. The court so concluded, noting that the defense had intended to use the result of the requested psychiatric examination not to contest petitioner's competency to stand trial, but rather to establish a mitigating factor in the sentencing phase of petitioner's trial. The court subsequently gave petitioner a life sentence, with a minimum mandatory twenty-five year term of imprisonment. In the proceedings below, petitioner challenged his conviction by claiming ineffective assistance of counsel and involuntariness of his plea.

## II.

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court stated that in order to bring a successful claim of ineffective assistance of counsel, a petitioner must meet the following two-pronged test:

First, the defendant must show that counsel's performance was deficient.

---

* Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designa-

tion.

This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687, 104 S.Ct. at 2064. We will not address the first prong; instead, our opinion focuses on the second prong: that the petitioner must show prejudice.

Petitioner in this case attempted to show prejudice by establishing that he was not competent to stand trial. A defendant is competent to stand trial if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and [if] he has a rational [and] factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960). Due process requires that a defendant be given a hearing on competency when the evidence raises a *"bona fide* doubt" as to his competency to stand trial. *Pate v. Robinson*, 383 U.S. 375, 385, 86 S.Ct. 836, 842, 15 L.Ed.2d 815 (1966). In the instant case, the district court found prejudice, concluding that "[t]he trial court possessed sufficient information to raise a bona fide doubt as to Petitioner's competence to stand trial or enter a plea of guilty."

To establish incompetency, a petitioner must meet a heavy burden of proof:

When federal habeas relief is sought on grounds of incompetency-in-fact, the petitioner's initial burden is heavy. "Courts in habeas corpus proceedings should not consider claims of mental incompetence to stand trial where the facts are not sufficient to positively, unequivocally, and clearly generate a real, substantial, and legitimate doubt as to the mental capacity of the petitioner." *Bruce v. Estelle*, 483 F.2d 1031, 1043 (5th

Cir.1973), subsequent opinion, 536 F.2d 1051 (5th Cir.1976). Similarly, when habeas relief is sought on grounds of a violation of the *Pate* procedural right to a competency hearing, a petitioner shoulders the burden of proving that objective facts known to the trial court were sufficient to raise a *bona fide* doubt as to the defendant's competency. The emphasis in a *Pate* analysis is on what the trial court did in light of what it then knew. *Davis v. Alabama*, 545 F.2d 460, 464 (5th Cir.1977).

*Reese v. Wainwright*, 600 F.2d 1085, 1091 (5th Cir.) (citation omitted), *cert. denied*, 444 U.S. 983, 100 S.Ct. 487, 62 L.Ed.2d 410 (1979);[1] *see also Bowden v. Francis*, 733 F.2d 740, 746–48 (11th Cir.1984) (discussing extent of petitioner's burden and comparing various factual situations in which violation of *Pate* was alleged), *vacated on other grounds*, 470 U.S. 1079, 105 S.Ct. 1834, 85 L.Ed.2d 135 (1985).

The trial court was aware of the exact factual issue now before us; having conducted a careful examination of petitioner, the court concluded that he was competent. We will not disturb such a decision absent strong evidence that the court was in error. The record in this case does not provide such evidence.

### III.

The decision of the district court is accordingly reversed.

REVERSED.

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.